J-S40021-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES OTIS LOWE, | : | |
| | : | |
| Appellant | : | No. 1748 WDA 2014 |

Appeal from the Judgment of Sentence September 24, 2014,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0011211-2007

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                          **FILED JULY 8, 2015**

Appellant, James Otis Lowe ("Lowe"), appeals from the judgment of sentence entered on September 24, 2014 in the Court of Common Pleas, Allegheny County. For the reasons set forth herein, we affirm.

A brief summary of the relevant facts and procedural history is as follows. On June 22, 2007, City of Pittsburgh firefighters and police were called to a fire at the house where Lowe resided with his girlfriend, Angie Sanders ("Sanders"). The fire, which was located on the second floor, was easily extinguished by the firefighters. Upon extinguishing the fire, the firefighters and police noticed a "pungent" smell of gasoline in the bedrooms, on the steps to the second floor, and on the steps to the basement.

Fire investigator Bryan Marrone ("Marrone") determined that the fire originated in a bedroom that belonged to Sanders' son based upon the

*Retired Senior Judge assigned to the Superior Court.

damage and indicators of the movement of heat.  Marrone also discovered a container holding gasoline in the bedroom.

Lowe informed fire investigator Michael Ralston ("Ralston"), and arson detective John Gilkey ("Detective Gilkey"), that he planned to cut the grass and accidentally spilled gasoline on the second floor bedroom and hallway when he attempted to attach a spout to the container of gasoline.  Lowe then informed them that he dropped his cigarette on the floor, which ignited the bedroom floor.  Detective Gilkey sensed there was more to Lowe's story and read Lowe his **Miranda**[1] warning, to which Lowe responded that he wanted to continue talking and that he was there to "cooperate completely." N.T., 4/1/09, at 84.  Detective Gilkey, who knew that Sanders had asked Lowe to move out of the house earlier in the week, "developed a theory, and [] told [Lowe] that [he] thought that [Lowe] might have been upset with his current relationship situation where he was asked to move out of the house and he might have spilled the gasoline accidentally." **Id.** at 85.  Detective Gilkey testified that Lowe responded, "You're kind of close." **Id.**  Detective Gilkey followed up by saying "I think you were walking through the house, and the gas was spilling and you're upstairs and you lit the fire and thought about lighting the fire[,]" to which Lowe stated, "You're kind of right. … Yeah, I did." **Id.**

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

Lowe was taken into custody and transported to Allegheny County Jail where he was charged with two counts of arson – endangering persons, 18 Pa.C.S.A. § 3301(a), one count of arson – endangering property, 18 Pa.C.S.A. § 3301(c), one count of causing or risking catastrophe, 18 Pa.C.S.A. § 3302(b), and two counts of criminal mischief, 18 Pa.C.S.A. § 3304(a)(1).

On April 1, 2009, a jury found Lowe guilty of all charges. A sentencing hearing was held on June 22, 2009. At the sentencing hearing, it was determined that Lowe had a prior record score of zero. In addition, although Lowe claimed that he was voluntarily treating a mental health diagnosis, the presentence report indicated that Lowe had denied having mental health issues and reported that he was not taking any medication. Lowe, however, also informed the presentence investigator that he had been hearing voices for over ten years. The trial court sentenced Lowe on count one, arson – endangering persons, to two to four years of incarceration with no further penalty for the remaining charges. The trial court also ordered no contact between Lowe and Sanders and imposed a ten-year period of probation to run consecutive to the period of incarceration. With respect to the probation period, the trial court stated:

> If during that period Mr. Lowe can show the Court that he's sought mental health treatment and he's complying, if he can show the Court that he's gotten a job, if he can show the Court any of a number of matters that would show that he's in touch with

reality at this point, those would be all factors I would consider in potentially reducing his period of probation.

N.T., 6/22/09, at 18. On July 2, 2009, Lowe filed a motion to reconsider sentence. The trial court denied Lowe's motion to reconsider on July 9, 2009.

After he was released from incarceration, Lowe committed a probation violation by failing to report. At a violation of probation hearing on September 24, 2014, testimony established that "Lowe refused to report, had no worries about it, a non-chalant attitude." N.T., 9/24/14, at 2. In addition, Lowe's attorney, Kevin Lee expressed that he was concerned about Lowe's mental health. *Id.* at 3. The trial court asked Lowe what he thought the court should do. *Id.* Lowe asserted that he did not commit arson in the first place and refused to participate in any programming. *Id.* The trial court subsequently sentenced Lowe to two to four years of incarceration.

On October 2, 2014, Lowe filed a motion to reconsider sentence, claiming that the sentence was excessive. The trial court denied the motion on October 9, 2014. On October 24, 2014, Lowe filed a timely notice of appeal to this court. On appeal, Lowe raises one issue for our review:

> 1. Was the sentence of two to four years of incarceration, manifestly excessive, where the court did not consider [] Lowe's serious rehabilitative needs?

Lowe's Brief at 5.

Lowe's challenge to his sentence is directed to the discretionary aspects of his sentence. This Court has held, "[w]here an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal." *Commonwealth v. Crork*, 966 A.2d 585, 590 (Pa. Super. 2009).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1286 (Pa. Super. 2013) (citing *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006)).

In this case, Lowe filed a timely notice of appeal and preserved his claim on appeal in a post-sentence motion as well as in his Rule 1925(b) statement.[2] Lowe also included a statement pursuant to Rule 2119(f) of the

---

[2] The trial court asserts that Lowe failed to preserve his issue on appeal and therefore fails to satisfy the second prong of the analysis. The trial court specifically states:

> A review of the sentencing hearing reveals no objection or argument that the punishment imposed was unjust, unreasonable or excessive. His Post-Sentence Motion pushed one issue – excessive sentence. The excessive claim was preserved. His

Pennsylvania Rules of Appellate Procedure in his brief, which requires an appellant to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). We are left to determine, therefore, whether a substantial question exists.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citing ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

The trial court in this case sentenced Lowe to total confinement based on a technical violation of his probation, rather than a new criminal offense. This Court has held that a "claim that the trial court sentenced [the appellant] to a term of total confinement based solely on a technical

---

> argument that his sentence was "unjust" or "unreasonable" was not.

Trial Court Opinion, 2/17/14, at 4 (footnote omitted).

Lowe's only issue on appeal is whether the trial court imposed a sentence that is excessive. By the trial court's own admission, Lowe preserved his excessiveness claim. ***See id.*** Moreover, although Lowe did not use the words "unjust and unreasonable," Lowe made clear that he was challenging the length of the sentence imposed. Thus, we are satisfied that Lowe preserved his argument for appeal.

violation raises a substantial question for our review." ***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citing ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010); ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000); ***Commonwealth v. Malovich***, 903 A.2d at 1253). Thus, as our case law establishes, Lowe has presented a substantial question for our review, thereby satisfying the fourth prong of the analysis. As a result, we now address the merits of Lowe's claim.

In addressing Lowe's claim, we begin with our well-settled standard of review:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Colon***, 102 A.3d at 1043 (citations omitted).

In this case, Lowe asserts that the trial court's sentence of two to four years is manifestly excessive under the circumstances of the case. Lowe's

- 7 -

Brief at 10. Lowe argues that a sentence of two to four years on a technical violation, and not on a new crime, is disproportionate to the violations and "serves the interest of no one." *Id.* at 10-11. Furthermore, Lowe argues that the circumstances of the case, specifically, the fact that the trial court was offended by his statements at the hearing, does not warrant the imposition of such a harsh sentence. *Id.* at 11.

It is well settled that "Pursuant to 42 Pa.C.S. § 9771(b), when a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." ***Commonwealth v. Schutzues***, 54 A.3d 86, 98-99 (Pa. Super. 2012) (citing ***Commonwealth v. Crump***, 995 A.2d at 1282). Moreover, "[i]t is the law of this Commonwealth that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist in according with Section 9771(c) of the Sentencing Code:"

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

***Commonwealth v. Ahmad***, 961 A.2d 884, 888 (Pa. Super. 2008);

42 Pa.C.S.A. § 9771(c).

Here, the trial court found that incarceration in this instance was necessary "to vindicate [the] [c]ourt's authority." Trial Court Opinion, 2/17/15, at 5. In its 1925(a) opinion, the trial court held:

> The sentence was necessary to vindicate [the] [c]ourt's authority. Lowe was adamant about not doing any programming. His tone of voice and his facial expression told that story loud and clear. He was just as convinced that there were no mental health issues. … The juxtaposition of these factors pushed the [c]ourt to the punishment it gave.
>
> * * *
>
> Mr. Lowe does not want to accept the help that is available to him in this community. Protecting our community from Mr. Lowe can be accomplished with the mental health treatment options available to him, but when he refuses, the protection of the public becomes a more persuasive factor. At the original sentencing, the former paramour wanted Mr. Lowe put away for a long, long time. At that moment, the Court felt her view needed tempered. But, when Mr. Lowe refuses to accept a jury's verdict and refuses to accept help, the Court leans toward her goal of incapacitation. The Court believes Mr. Lowe can achieve some level of rehabilitation. However, he must take the first step. Perhaps, his second stint of no freedom will push him to believe that there is a better life out there for him provided that he takes advantage of the services which are readily available to him.

***Id.***

After our review, we conclude that the record supports the trial court's determination in this regard. This Court has established that in Pennsylvania, "cases that [have] upheld revocation on the basis of technical violations [have] found 'wilful or flagrant disrespect' for the terms of probation on the part of the defendants." ***Commonwealth v. Heilman***, 876 A.2d 1021, 1027 (Pa. Super. 2005) (quoting ***Commonwealth v. Ballard***, 814 A.2d 1242, 1246 (Pa. Super. 2003)). In this case, Lowe demonstrated to the trial court that he had no intention of complying with the terms of his probation. In addition to violating his probation by failing to report, the trial court found that Lowe remained unapologetic and had "a non-chalant attitude" about failing to report. N.T., 9/24/14, at 2-3. When the trial court asked Lowe what he thought it should do, he replied, "Whatever you find it should be[.]" ***Id.*** at 3. Furthermore, Lowe denied having any mental health issues and remained steadfast in his refusal to report and to participate in treatment for his mental health. ***Id.*** As the trial court explained, its previous decision to give Lowe a less onerous sentence (less incarceration, more probation) hinged on his ability to obtain services while on probation to aid in his rehabilitation.

The trial court's imposition of a sentence of two to four years of incarceration was a sentence that was available to the trial court at the time of initial sentencing. Moreover, Lowe's unapologetic demeanor regarding his failure to report and his refusal to participate in programming demonstrated

a flagrant disrespect for the terms of probation. As a result, we conclude that the trial court did not abuse its discretion when it sentenced Lowe to two to four years of incarceration following his probation violation.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015

---

[3] We note that Lowe asserts in his brief that the trial court abused its discretion because "[n]o reasons were stated on the record for the imposition of the sentence." Lowe's Brief at 11. This Court has held that failure to "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed[,] … shall be grounds for vacating the sentence or resentence[.]" **Commonwealth v. Cartrette**, 83 A.3d 1030, 1041 (Pa. Super. 2013) (citing 42 Pa.C.S.A. § 9721(b)). Lowe, however, failed to preserve this issue by either raising the issue at the time of sentencing or in a post-sentence motion, and accordingly, has waived this issue on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

- 11 -