470 A.2d 1010

COMMONWEALTH of Pennsylvania

v.

Carlos O. RUIZ, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 22, 1983.

Filed Jan. 20, 1984.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

PER CURIAM:

In this appeal, appellant, Carlos O. Ruiz, asserts that the court erred when it revoked his parole and probation as to informations 1194 and 1363, 1980 for failure to pay outstanding fines and costs. As we agree with appellant, we vacate judgment of sentence as to those informations and remand for a new hearing consistent with this opinion.[1]

Prior to December 2, 1982, sentences had been imposed upon appellant for negotiated pleas of guilty to burglary[2] (No. 1194, 1980), and theft[3] (No. 1363, 1980). On the burglary conviction, appellant was sentenced to pay restitution, costs of prosecution, and a $200 fine and to serve a term of imprisonment of time served to twelve months. On the theft conviction, the court sentenced appellant to pay the costs of prosecution and restitution, and imposed a twelve month period of probation to run concurrently with the sentence for burglary. Appellant was paroled on the burglary conviction on the same date the sentence was imposed, August 8, 1980.

Although appellant was not incarcerated for the burglary or theft convictions, testimony indicates that he was extradited to Massachusetts and incarcerated on or about August 8, 1980 until August 26, 1981. From August 26, 1981 until January 26, 1982, appellant remained free of incarceration.

---

1. Appellant raised a second issue on appeal concerning whether the sentences imposed at the revocation hearing on information 1194 and 1363, 1980 were excessive. Because of our disposition herein, we need not address this issue.

2. 18 Pa.C.S.A. § 3502.

3. *Id.* § 3921.

Appellant's testimony indicated that during this period he was employed. On January 26th, appellant was again incarcerated.

On December 2, 1982, a hearing was held as to whether appellant's probation and parole should be revoked. The court revoked appellant's probation and parole on the burglary conviction and his probation on the theft conviction [4] because appellant "has shown no inclination to pay his fines and costs." The court resentenced appellant on these two convictions. This appeal followed.

On appeal, appellant asserts that there was clearly insufficient evidence to show that appellant was capable of paying the outstanding fines and costs. We agree.

Pa.R.Crim.P. 1407(a) clearly states that "[a] court shall not commit the defendant to prison for failure to pay a fine or costs *unless it appears after hearing that the defendant is financially able to pay the fines or costs.*" [5] In the hearing held below, there was no express finding as to appellant's ability to pay the fines and costs. All that the record reveals as to appellant's ability to pay is that he was working for a five month period following his release from incarceration in Massachusetts, on August 26th, 1982. Thus, in revoking appellant's parole and probation, the only information before the court as to appellant's ability to pay was the fact that he had been employed for a period of five months.

In a similar case, where the court imposed a fine based on the knowledge that the defendant was employed and earned approximately $150 per week, a panel of this court conclud-

---

**4.** A third parole violation was adjudicated in this hearing. It pertained to the judgment of sentence imposed on a conviction for attempted theft (No. 504, 1982), 18 Pa.C.S.A. § 901(a). Appellant has not raised any issue as to the appropriateness of the revocation of his parole on this charge. And, although appellant raises the issue of whether the sentence imposed for *all* parole violations was excessive, he has not presented argument in his brief as to the excessiveness of the sentence imposed at the revocation hearing concerning this conviction. Thus, we have not addressed this conviction.

**5.** Emphasis added.

ed that this information was insufficient "to make an intelligent finding as to [the defendant's] ability to pay the fine." *Commonwealth v. Schwartz*, 275 Pa.Super. 112, 418 A.2d 637 (1980); *see also Commonwealth v. Mead*, 300 Pa.Super. 510, 446 A.2d 971 (1982). Clearly, in the instant case the fact that appellant had been employed cannot alone provide a sufficient picture of appellant's finances so that an intelligent finding as to his ability to pay the fines and costs imposed can be made. Judgment of sentence as to the burglary (No. 1194, 1980) and theft (No. 1363, 1980) convictions is vacated and remanded for a new hearing. Jurisdiction is not retained.