COMMONWEALTH of Pennsylvania,
Appellee

v.

Timothy BALLARD, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 15, 2002.
Filed Jan. 6, 2003.

Timothy Ballard, appellant, pro se.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: JOHNSON, BENDER and POPOVICH, JJ.

BENDER, J.:

¶ 1 Timothy Ballard, acting *pro se,* appeals the March 22, 2002 order denying his petition for post conviction collateral relief, in which he challenged the revocation of his probation and subsequent imposition of a sentence of incarceration. We reverse the order denying post conviction collateral relief, remand to the trial court for a new probation revocation hearing, and direct the trial court to appoint new counsel to represent Appellant at such hearing.

¶ 2 A brief factual and procedural history follows. On October 17, 1999, Appellant was videotaped receiving stolen property, specifically $648.00 worth of cigarettes, at a Superfresh Supermarket in Philadelphia. On November 27, 2000, Appellant pled guilty to receiving stolen property, a first-degree misdemeanor. On the same date, the trial court sentenced Appellant to three years' probation.

¶ 3 The Commonwealth filed a petition to have Appellant's probation revoked, asserting that Appellant was in technical violation of his probation by failing to report to the Philadelphia Probation Department and by failing to pay fines, costs, and restitution. The trial court held a probation revocation hearing on June 26, 2001. At the probation revocation hearing, both Appellant and his counsel asserted that Appellant's failure to report to his probation officer, Maria Leone, was due to the fact that Appellant had voluntarily entered a drug and alcohol treatment facility. N.T. Probation Revocation Hearing, 6/26/01, at 1. Appellant further asserted that he had informed Ms. Leone that he admitted himself into the treatment pro-

gram. *Id.* Although Ms. Leone was present at the probation violation hearing, neither the Commonwealth nor Appellant's counsel called her to testify. At the conclusion of the probation revocation hearing, the trial court revoked Appellant's probation and sentenced him to two and one half to five years' incarceration.

¶ 4 On August 1, 2001, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46, and the trial court appointed new counsel to represent Appellant in his PCRA proceedings. On January 9, 2002, Appellant filed an amended *pro se* PCRA petition. On February 22, 2002, PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*), in which PCRA counsel determined that the issues raised in Appellant's *pro se* PCRA petitions were without merit and that there were no other issues of arguable merit that could be raised in an amended PCRA petition. The trial court entered an order on March 22, 2002, denying PCRA relief and allowed PCRA counsel to withdraw. The trial court issued an opinion pursuant to its denial of PCRA relief.

¶ 5 On March 26, 2002, Appellant filed a *pro se* notice of appeal from the order denying PCRA relief. The court did not order Appellant to submit a statement of matters complained of on appeal and, contrary to Appellant's assertion, the record does not evidence Appellant's filing of a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). We note that the Commonwealth has not filed an appellee's brief.

¶ 6 Appellant raises four issues in this appeal. In his first two issues, Appellant argues his counsel provided ineffective assistance, thereby undermining the truth-determining process at the probation revocation hearing, by (1) failing to inform

Appellant of his rights at the revocation hearing including the right to cross-examine adverse witnesses;[1] and (2) failing to present the complaining witness, probation officer Maria Leone, at the revocation hearing, who would have testified that she was aware that Appellant had admitted himself into an inpatient drug treatment program, thereby explaining his failure to report. Appellant's brief at 9–14. Since we find merit to the second issue, and we are granting relief on that basis, we need not address the other issues Appellant raises in this appeal.[2]

■ ¶ 7 Our review of an order denying PCRA relief is "limited to examining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free from legal error." *Commonwealth v. Carpenter*, 555 Pa. 434, 725 A.2d 154, 159–160 (1999). Notwithstanding timely challenges to the original conviction and sentence of probation, where a petitioner's probation is subsequently revoked and a new sentence is imposed, PCRA relief is potentially available *"only as to the issues of the validity of the revocation proceedings and the legality of the new sentence."* *Commonwealth v. Anderson*, 788 A.2d 1019, 1022 (Pa.Super.2001) (emphasis in original). *See also Commonwealth v. Weimer*, 756 A.2d 684, 686 (Pa.Super.2000) (indicating issues relating to legality of sentence and ineffectiveness of counsel at probation revocation hearing are cognizable under PCRA); *Commonwealth v. McNeil*, 445 Pa.Super. 526, 665 A.2d 1247, 1250 (1995) (indicating challenge to probation revoca-

tion by means of PCRA petition is available for claims of ineffective assistance of counsel, lack of jurisdiction, or illegal sentence).

¶ 8 As stated above, Appellant argues counsel provided ineffective assistance that undermined the truth-determining process by failing to question Appellant's probation officer, Ms. Leone, at the probation revocation hearing. This issue is cognizable under the PCRA. *Weimer*, 756 A.2d at 686.

¶ 9 Before delving into our analysis of Appellant's ineffectiveness claim, we note that the circumstances of this case are strikingly similar to those presented in *Commonwealth v. Del Conte*, 277 Pa.Super. 296, 419 A.2d 780 (1980). The appellant in *Del Conte* (Del Conte) failed to report to his parole officer and failed to pay costs. *Id.* at 782. The trial court found Del Conte to be in technical violation of his parole, revoked his parole, and sentenced him to a term of incarceration. *Id.* at 781. On appeal, we concluded the evidence at the parole termination hearing did not establish Del Conte's "wilful or flagrant disrespect" for the terms of his parole as had been established in other cases in which we affirmed revocation based on technical violations. *Id.* at 782 (citing, e.g., *Commonwealth v. Holm*, 233 Pa.Super. 281, 335 A.2d 713 (1975)). *See also Commonwealth v. Edward*, 303 Pa.Super. 454, 450 A.2d 15, 20 (1982) ("In those cases in which we have affirmed revocation for technical violations, we have found clear evidence of wilful conduct."). Specifically, Del Conte testified at the revocation hearing that his failure to report

1. Appellant fails to identify these "adverse witnesses."

2. Appellant's third issue challenges the discretionary aspects of the sentence, *i.e.,* Appellant argues that the sentence was excessive in light of the reason for his failure to report. Appellant's brief at 15–19. His fourth issue alleges

interference of the court for allegedly ignoring his request for the transcript of the probation revocation hearing. Appellant's brief at 20–21. We note that the transcript of the probation revocation hearing is presently included in the certified record.

and failure to pay costs was due to his voluntary admission into a hospital for treatment of alcoholism and anxiety. *Del Conte,* 419 A.2d at 782. He further testified that his mother informed his probation officer that he was hospitalized and unable to report as required. *Id.*

¶ 10 In *Del Conte,* we stated that the purpose of parole is similar to that of probation, *i.e.,* "to provide a means to achieve rehabilitation without resorting to incarceration." *Id.* (internal citation and quotation marks omitted). In deciding whether to revoke probation, "the court balances the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison." *Id.* at 783. We further stated, "[w]hen it becomes apparent that the probationary order is not serving this desired end (of rehabilitation) the court's discretion to impose a more appropriate sanction should not be fettered." *Id.* (citation and internal quotation marks omitted). We refused to affirm the revocation of Del Conte's parole because there was insufficient evidence that his parole had "ceased to serve its original purpose of attempting to achieve [his] rehabilitation outside of prison." *Id.* Del Conte did not engage in criminal activity while on parole. *Id.* Instead, Del Conte had "actively undertaken rehabilitation measures, by voluntarily participating in hospital programs to treat his alcoholism and nervous problems" and that it was involvement in these programs that led to his technical violations, therefore, we con-cluded that his parole should not have been revoked. *Id.*

■ ¶ 11 Unlike Del Conte, Appellant does not couch his issue in terms of insufficient evidence presented at the probation revocation hearing.[3] Instead, Appellant asserts ineffectiveness of counsel for failure to question Ms. Leone, who was present at the probation hearing. He alleges that Ms. Leone would have testified that she knew Appellant was in a drug and alcohol treatment program, thereby explaining his failure to report. In order to establish his ineffective assistance of counsel claim,

> the Appellant must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Tigney,* 730 A.2d 968, 969 (Pa.Super.1999) (citations omitted). Moreover, "the law presumes that trial counsel was not ineffective, and the defendant bears the burden of proving otherwise." *Id.*

■ ¶ 12 Initially, we conclude that Appellant has met all three prongs of the ineffectiveness of counsel test enunciated in *Tigney.* Had Ms. Leone testified as Appellant alleges she would have, there is a reasonable probability that the court would not have revoked Appellant's probation and sentenced him to a term of total confinement. First, we note that "proba-

---

**3.** The entire transcript of the probation revocation hearing is reproduced herein, *infra.* Unfortunately, Appellant did not raise the issue of evidentiary sufficiency, but we are compelled nevertheless to note that the court failed to completely conduct the two-part inquiry required in a probation revocation hearing (also called a *Gagnon II* hearing), *i.e.,* (1) whether Appellant had in fact violated one or more conditions of his probation; and, if so, (2) whether the violation warrants incarceration or whether " 'other steps should be taken to protect society and improve chances of rehabilitation.' " *Commonwealth v. Sims,* 770 A.2d 346, 349 (Pa.Super.2001) (quoting *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

tion revocation proceedings entail the right to confront and cross-examine accusers." *Commonwealth v. Riley,* 253 Pa.Super. 260, 384 A.2d 1333, 1336 (1978) (citing *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Counsel's failure to call and question Ms. Leone deprived Appellant of this right.

¶ 13 Second, although probation may be revoked for technical violations, such as failure to report and failure to pay fines or costs, *see* 42 Pa.C.S. § 9771(b), the court shall not impose a sentence of total confinement after probation revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

*Id.* at § 9771(c). Moreover, the court cannot revoke probation unless it considers "evidence of the conduct of the defendant while on probation." *Id.* at § 9771(d). As noted in *Del Conte,* cases that upheld revocation on the basis of technical violations found "wilful or flagrant disrespect" for the terms of probation on the part of the defendants.

¶ 14 The record in the instant case is devoid of any finding by the court that revocation of Appellant's probation was predicated on his "wilful or flagrant disrespect" of the terms of his probation, that revocation was necessary to "vindicate the authority of the court," or that Appellant's conduct in failing to report evidenced a likelihood that he would commit another crime if not imprisoned. The *entire* transcript of the probation revocation hearing reads as follows:

([Appellant] sworn)

(Maria Leone, Probation Officer, sworn)

**THE COURT**: He came before me for a burglary and I gave him three years probation and told him to pay the fines and costs. He refused to report to the probation department. He refused to pay the fines and costs, and his restitution is still due. He's an 'F' probationer.

Is there anything you would like to say, [Appellant]?

**[APPELLANT]**: Yes, sir. I didn't refuse to pay or nothing. I went to a recovery program to get my life together in Williamsport, Pennsylvania. I told the probation officer. She knows that I went there. I went there for a six month program. I called the officer and I got back here on May 20th. I had a court date over here in Montgomery County. I have a case over there. I was going to come to report. I was trying to finish up the six month program. It's not that I refused.

**THE COURT**: All right.

**[DEFENSE COUNSEL]**: Just briefly, your Honor, I understand that he's an 'F' probationer, and he's not reported and no fines and costs have been paid. He did go to a rehab, your Honor. Would you consider a county sentence, maybe with work release, so that he can pay the restitution?

**THE COURT**: I note that when they called his mother, [Appellant's] mother called and said that her son refused to report, and she says that she would speak to him about his complying. He still did not report, and a detainer was issued.

**[COMMONWEALTH]**: He got a break with the sentencing and he didn't do anything while he was on probation, and now he wants another break.

**THE COURT**: Same fines and costs and restitution. It's four to eight years.

You have ten days to ask me to modify the sentence and thirty days to take an appeal. All motions must be in writing. If you cannot afford a lawyer, we'll give you one free of charge.

No, I'll give him two and a half to five years. It's the same fines and costs. The sentence is two and a half to five years.

The detainer is lifted.

(session concluded)

N.T. Violation of Parole/Probation Hearing, 6/26/01. Even though Appellant and his counsel informed the court of his reasons for failing to report, Ms. Leone's testimony, pursuant to her authority as Appellant's probation officer, would have substantiated these assertions. For these reasons, Appellant's claim of ineffective assistance of counsel is of arguable merit, we can conceive of no reasonable strategic basis for counsel's failure to question Ms. Leone, and there is a reasonable probability that, had Ms. Leone testified as to Appellant's reason for not reporting, the outcome would have been different. *See Tigney*, 730 A.2d at 969.

¶ 15 In addition to noting Appellant's failure to report as its reason for revoking Appellant's probation, the trial court also noted Appellant's failure to pay fines, costs, and restitution. However, "a term of probation may not be revoked for failure to pay fines absent certain considerations by the revocation court." *Commonwealth v. Eggers*, 742 A.2d 174, 175 (Pa.Super.1999). Prior to revoking probation on the basis of failure to pay fines, costs or restitution, the court must "inquire into the reasons for a defendant's failure to pay and ... make findings pertaining to the willfulness of the party's omission." *Id.* at 175–76. In other words,

A proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay, followed by a determination of whether the probationer made a willful choice not to pay.... After making those determinations, if the court finds the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court should then consider alternatives to incarceration....

*Id.* at 176 (citations and internal quotation marks omitted).

¶ 16 In the instant case, the court made no inquiry into Appellant's ability to pay, the reasons for his failure to pay, whether his failure to pay was willful, and if willful, whether any alternatives to incarceration were proper. *See id.* Accordingly, we cannot sustain revocation of Appellant's probation on the basis of his failure to pay fines, costs, and restitution.

¶ 17 As previously noted, Appellant also challenges the sentence of incarceration imposed following probation revocation. Since we are remanding for a new probation revocation hearing, it follows that the sentence imposed following revocation is vacated, and we need not address this issue further. *See Commonwealth v. Ruiz*, 323 Pa.Super. 461, 470 A.2d 1010, 1011 n. 1 (1984) (concluding issue of whether sentence imposed after revocation of probation was excessive need not be addressed due to decision to remand for new revocation hearing).

¶ 18 For the reasons stated herein, Appellant's claim of ineffective assistance of counsel is meritorious and the trial court erred by denying PCRA relief. Accordingly, we reverse the order denying PCRA relief, vacate the sentence of incarceration imposed following Appellant's probation revocation, instruct the trial court to appoint new counsel, and remand to the trial

court for a new probation revocation hearing.

¶ 19 Order denying PCRA relief reversed. Remand for appointment of new counsel and new probation revocation hearing.