J-S43017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL FRAZIER | |
| Appellant | No. 2501 EDA 2014 |

Appeal from the Judgment of Sentence July 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000845-2010
CP-51-CR-0016326-2009
CP-51-CR-0016337-2009
CP-51-CR-0016338-2009
CP-51-CR-0016339-2009

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                **FILED AUGUST 28, 2015**

Appellant, Michael Frazier, appeals from the judgment of sentence entered following the revocation of his probation on July 22, 2014, by the Honorable Genece E. Brinkley, Court of Common Pleas of Philadelphia County.  We affirm.

The facts and procedural history of this matter are well known to the parties, so we rely upon the revocation court's recitation of facts as set forth on pages 1-4 of the Pa.R.A.P. 1925(a) opinion filed October 30, 2014. Briefly, Frazier tested positive for marijuana on sixteen occasions while serving probation.  Following a violation of probation hearing on July 22, 2014, at which the revocation court reviewed Frazier's history of failing to

comply with the terms and conditions of his probation and positive drug tests, the court found Frazier in technical violation of his probation. After hearing testimony from Frazier and his probation officer, the court revoked Frazier's probation and sentenced him to 11½ to 23 months' county incarceration, followed by 3 years' probation. The court further instructed Frazier to complete drug treatment, mental health treatment, parenting classes, anger management treatment and job training while incarcerated. This timely appeal followed.[1] Both the revocation court and Frazier have complied with Pa.R.A.P. 1925.

Frazier raises the following issues for our review.

1. Did not the lower court err in not [sic] enforcing a subpoena and causing to appear at the defendant's parole/probation violation hearing a staff person from the recovery house at which the defendant resided who could have testified as to whether the defendant was being given his prescribed psychiatric medications as required by the medically approved administration schedule for those medications?

2. In light of counsel's assertion that the defendant appeared unable to provide reliable information due to his cognitive deficiencies and psychiatric disabilities, and was therefore unable to effectively assist his attorney in his own representation, and in light of the defendant's demonstrated cognitive deficiencies at the parole/probation violation hearing, did not the lower court err in failing to order a competency exam before conducting a violation hearing and

---

[1] Frazier filed motions for reconsideration of sentence on August 1, 2014, and August 19, 2014, prior to filing his notice of appeal on August 20, 2014. The revocation court did not dispose of those motions prior to the filing of the instant appeal.

before sentencing to assist the court in determining whether the defendant was competent?

Appellant's Brief at 4.

Whether a subpoena shall be enforced rests in the discretion of the trial court. *See Commonwealth v. Walsh*, 36 A.3d 613, 620 (Pa. Super. 2012) (citation omitted). "We will not disturb a discretionary ruling of a [revocation] court unless the record demonstrates an abuse of the court's discretion." *Id*. "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1254 (Pa. Super. 2015) (citation omitted). "So long as there is evidence which supports the [revocation] court's decision, it will be affirmed." *Walsh*, 36 A.3d at 620 (citation omitted).

"A defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is incompetent to do so." *Commonwealth v. Blakeney*, 108 A.3d 739, 752 (Pa. 2014) (citation omitted), *cert. denied*, 135 S.Ct. 2817 (2015).

> Competency to stand trial is measured by the relationship between counsel and client: To be deemed competent, the defendant needs to have the ability to consult with counsel with a reasonable degree of understanding, in order to participate in his defense, and he must be able to understand the nature or object of the proceedings against him. The focus is properly on the defendant's mental capacity, *i.e.,* whether he has the ability to understand the proceedings.

*Id*. (internal citations omitted). We review a revocation court's determination as to competency with great deference because he or she had the opportunity to observe directly a defendant's behavior. *See Commonwealth v. Pruitt*, 951 A.2d 307, 316 (Pa. 2008).

We have reviewed Frazier's issues raised on appeal, along with the briefs of the parties, the certified record, and the applicable law. Having determined that the Honorable Genece E. Brinkley's October 30, 2014 opinion ably and comprehensively disposes of Frazier's issues raised on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that opinion. *See* Revocation Court Opinion, 10/30/14 at 5-9 (finding: 1) whether Frazier was receiving his psychiatric medication from his recovery house had no bearing on whether Frazier was in repeated technical violation of his probation such that subpoenaed witness's presence was unnecessary and irrelevant to the probation revocation proceedings; and 2) Frazier was previously found to be competent but in need of mental health treatment on two prior occasions, and Frazier's ability during the proceedings to respond coherently to questions and offer numerous, coherent explanations and defenses for his actions indicated his ability to understand the nature of the proceedings and to assist in his defense).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/28/2015</u>

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH        :        CP-51-CR-0016326-2009
                                        CP-51-CR-0016337-2009
                     :        CP-51-CR-0016338-2009
                                          CP-51-CR-0016339-2009

vs.                                       CP-51-CR-0000845-2010

**FILED**

OCT 3 0 2014

MICHAEL FRAZIER     Criminal Appeals Unit     SUPERIOR COURT
                       First Judicial District of PA     2501 EDA 2014

BRINKLEY, J.                                   OCTOBER 29, 2014

## OPINION

Defendant Michael Frazier appeared before this Court for a violation of probation hearing on July 22, 2014. This Court found him in technical violation of his probation and sentenced him to 11½ to 23 months county incarceration plus 3 years probation. Defendant appealed this sentence to the Superior Court and raised the following issues on appeal: (1) whether the VOP court erred in not requiring a staff member from Defendant's recovery house to testify; and (2) whether the VOP court erred in failing to order a competency evaluation for Defendant.

## FACTS AND PROCEDURAL HISTORY

On January 26, 2009, Defendant was arrested and charged with five counts of burglary and five counts of criminal conspiracy. On September 23, 2010, Defendant pled guilty to all five counts of each charge and received a negotiated sentence of 11½ to 23 months incarceration plus 5 years reporting probation on each charge, to run concurrently to one another, with immediate parole to house arrest. On February 15, 2012, Defendant was arrested and charged with

1

**Exhibit "A"**

burglary, criminal trespassing and theft by unlawful taking of moveable property. On October 17, 2012, these charges were nolle prossed. On November 7, 2012, this Court held a VOP hearing and Defendant was found to be in technical violation of his parole. Parole was revoked and Defendant was sentenced to serve the balance of his back time with immediate parole to Kirkbride dual diagnosis inpatient treatment program. On June 4, 2013, Defendant tested positive for marijuana. Defendant subsequently tested positive for marijuana on every urinalysis administered from September 17, 2013 to July 17, 2014, for a total of sixteen positive tests for marijuana.

On July 22, 2014, this Court held a VOP hearing. Defendant was represented at the hearing by Randi Fensterer, Esquire, while the Commonwealth attorney was Jack O'Neill, Esquire. After this Court reviewed Defendant's history of failing to comply with the terms and conditions of probation and positive drug tests, this Court found him in technical violation of his probation. Ms. Fensterer, on Defendant's behalf, requested that this Court consider a sentence that would not involve incarceration. Ms. Fensterer stated that Defendant had an intellectual disability and psychiatric problems, and therefore his ability to fully comply with the terms and conditions of his probation was compromised. Ms. Fensterer further requested that if the Court was not willing to consider a new period of probation, then Defendant should receive a short sentence of county incarceration. (N.T. 7/22/2014 p.7-31)

Mr. O'Neill, on behalf of the Commonwealth, requested that Defendant be given a period of incarceration. Mr. O'Neill pointed out that Defendant was convicted of multiple counts of burglary and received a very generous offer from the Commonwealth. Furthermore, Mr. O'Neill stated that Defendant had shown previously through his behavior that he was capable of complying with the terms and conditions of his probation. Mr. O'Neill stated that, despite this,

2

Defendant continued to use marijuana because he simply did not feel like complying with the terms and conditions of his probation. Mr. O'Neill stated that Defendant's behavior had shown that probation would not work because Defendant did not want it to work. Id. at 31-32.

Probation Officer Tanyikia Alston spoke next. Ms. Alston stated that she was not inclined to say that Defendant needed to go to jail, but his continued marijuana smoking showed a lack of respect towards the authority of this Court. Ms. Alston stated that she no longer knew how to handle Defendant's drug problem because he continued to smoke marijuana even after being warned not to by this Court. Id. at 32.

Defendant then spoke on his own behalf. Defendant stated that he was not refusing to pay his fines and costs and, although he was falling behind in his payments, his mother would pay what was due. Defendant stated that he did not want to go to jail and he did not smoke marijuana out of disrespect to this Court. Defendant stated that he did not like to smoke marijuana, but he smoked it because he had a problem controlling his temper. Defendant further stated that he had never refused to take his medication. He stated that when he would get his prescription filled, he would take the medication back to his recovery house where it would be confiscated by the house manager. Defendant stated that, when he did receive his medication, it took away his urge to smoke marijuana. Defendant further stated that he did not know what caused him to relapse and begin smoking marijuana again. Defendant then thanked this Court for the support it had provided him throughout the years. Defendant stated that he did not take this support for granted. Defendant then stated that he was going to start independent living later this year and would be working soon. He further stated that he was on pace with his drug and alcohol treatment programs and he was compiling a portfolio of his artwork in order to apply to the Art Institute of Philadelphia. Id. at 33-36.

3

This Court revoked Defendant's probation and sentenced him to 11½ to 23 months county incarceration plus 3 years probation. This Court stipulated that he serve his sentence at Hoffman Hall and complete drug treatment, mental health treatment, parenting classes, anger management and job training while incarcerated. This Court emphasized to Defendant that he would be in jail until he completed all the programs that this Court ordered him to complete while incarcerated. This Court then reviewed the various programs outside of jail that this Court previously had ordered for Defendant to aid his rehabilitation. This Court stated that Defendant had a problem taking responsibility for his own actions and consistently blamed others for his own failure to comply with the terms and conditions of his probation. This Court stated that it hoped his new sentence of incarceration would force Defendant to take his drug problems seriously because he would remain in prison until he completed his rehabilitative programs. This Court further stated that if Defendant continued to not comply with the terms and conditions of his probation after this sentence then he would serve the remaining time on his charges in state incarceration. Id. at 36-40.

On August 1, 2014, Defendant, through counsel, filed a motion to reconsider sentence. On August 20, 2014, Defendant appealed his sentence to Superior Court. On September 15, 2014, Defendant was ordered to file a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b), and defense counsel did so on October 6, 2014.

## ISSUES

I.  WHETHER THE VOP COURT ERRED IN NOT REQUIRING A STAFF MEMBER FROM DEFENDANT'S RECOVERY HOUSE TO TESTIFY AT THE HEARING.

II. WHETHER THE VOP COURT ERRED IN FAILING TO ORDER A COMPETENCY EVALUATION FOR DEFENDANT.

4

## DISCUSSION

### I. THE VOP COURT DID NOT ERR IN NOT REQUIRING A STAFF PERSON FROM DEFENDANT'S RECOVERY HOUSE TO TESTIFY.

This Court did not err in not requiring a staff person from Defendant's recovery house to testify because it was the responsibility of the defense to present its own witnesses, and the defense failed to do so. Furthermore, Defendant was in technical violation of his probation and any testimony from a staff person at his recovery house to testify as to whether Defendant was receiving his medication would not have had any bearing on whether Defendant was in technical violation of his probation. It is well established that probation revocation requires a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct. Commonwealth v. Holder, 569 Pa. 474, 805 A.2d 499, 504 n. 7 (2002) (citing 3 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 26.6(b) at 261 1984)). At a probation revocation hearing, a defendant is entitled to the following: (1) written notice of the claimed violations of his probation; (2) disclosure of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) a neutral hearing body; (5) a written statement by the fact-finder as to the evidence relied on and the reasons for revoking probation; and (6) cross-examination of adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation. Id. (citing Black v. Romano, 471 U.S. 606, 611-612, 105 S. Ct. 2254, 2258, 85 L. Ed. 2d 636 (1985)). The defendant is not entitled to strict application of the rules of evidence or procedure, including the Fourth and Fifth Amendment exclusionary rules. Id. (citing Commonwealth v. Kates, 452 Pa. 102, 305 A.2d 701, 710 (Pa. 1973)).

In Pennsylvania, parole and probation are intended to "provide a means to achieve rehabilitation without resorting to incarceration." Commonwealth v. Ballard, 2003 PA Super. 2,

5

814 A.2d 1242, 1245 (2003) (citing Del Conte, 419 A.2d at 780)). When deciding whether to revoke parole/probation, the court must balance "the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison." Id. Thus, a "violation is established whenever it is shown that the conduct of the probationer has indicated that probation has proven to be an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." Commonwealth v. Infante, 585 Pa. 408, 421, 888 A.2d 783, 791 (2005) (quoting Commonwealth v. Brown, 503 Pa. 514, 524, 469 A.2d 1371, 1376 (1983)).

In the case at bar, the record reflects that Defendant was not denied any rights to which he was entitled at his hearing. Defendant and counsel knew well in advance from prior status listings that whether he was taking his medication might be at issue at this hearing. As this Court noted, Defendant repeatedly had offered a variety of excuses as to why he did not take his medication, including claiming that his house manager was not giving them to him, since 2012. (N.T. 7/22/2014 p. 27). Sometimes Defendant would say his house manager was not giving him his medication. Other times Defendant would say he picked up his own medication from the pharmacy. Defendant had ample notice that his medication might be at issue at this VOP hearing. Thus, if Defendant wanted his house manager to be present at this VOP hearing, he should have been sent a subpoena. Therefore, Court was under no obligation to allow Defendant more time to arrange for this witness to appear.

Furthermore, as this Court noted, at this point in 2014, whether Defendant was receiving his medication from his recovery house had no bearing on Defendant being found in technical violation of his probation. Defendant was found in technical violation as a result of his repeated marijuana abuse and continued thumbing of his nose at this Court. As this Court stated to

6

Defendant, "Why are you still testing positive for marijuana? That has nothing to do with your mental health meds. Marijuana is a different drug." Id. at 13. This Court further stated wth regard to his medication,

> "That's not the real issue here. The real issue here is he does not want to comply...He didn't comply when he was at his grandmom's. He didn't comply when he was other places on house arrest. Every time I let him in here and let him out he come in here with some kind of excuse about why he didn't take his meds. Then he blamed his house manager...He's blamed his mother as the payee for not paying anything on fines and costs. He's blaming the people in the house for him smoking marijuana. He's blaming the house manager for not giving him the meds when he goes to the pharmacy to pick up the meds himself...When he feels like taking his meds he takes them. When he feels like using marijuana he does."

Id. at 26-30. The record reflects that Defendant continued to smoke marijuana and failed to comply with the terms and conditions of his probation regardless of whether he received his medication or not. Furthermore, Defendant's claim that the medication took away his urge to smoke marijuana was without merit. During the time period in which Defendant was in control of his medication he nonetheless tested positive for marijuana on every single urinalysis administered during that time. The record, therefore, was sufficient to prove that probation was not serving to rehabilitate Defendant and deter against future antisocial conduct, independent of any testimony that could have been provided by a staff member of his recovery house.

## II. THE VOP COURT DID NOT ERR IN NOT ORDERING A COMPETENCY EVALUATION FOR DEFENDANT.

This Court did not err in not ordering a competency evaluation prior to terminating Defendant's probation and sentencing him to 11½ to 23 months county incarceration. A defendant is presumed to be competent to stand trial. Thus, the burden is on the defendant to prove, by a preponderance of the evidence, that he was incompetent to stand trial.

7

Commonwealth v. Santiago, 579 Pa. 46, 855 A.2d 682, 694 (2004). A defendant is legally incompetent if he is substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense. Commonwealth v. Bomar, 573 Pa. 426, 826 A.2d 831, 860 (2003) (citing Commonwealth v. Haag, 570 Pa. 289, 809 A.2d 271, 277 (2002)). A determination of a defendant's competency rests in the sound discretion of the trial court and can be disturbed on appeal only on a showing of an abuse of that discretion. Id. (citing Commonwealth v. Appel, 547 Pa. 171, 689 A.2d 891, 899 (1997)). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is over ridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. Commonwealth v. Walker, 92 A.3d 766, 772-73 (Pa. 2014). Furthermore, a trial judge's competency determination should be afforded great deference because the judge had the opportunity to personally observe the defendant's behavior. Bomar, 826 A.2d at 860.

In the case at bar, this Court determined through its observation of Defendant's behavior at the hearing that Defendant was able to understand the nature of the proceedings and assist in his defense. As this Court noted in evaluating Defendant's competency,

> "He understands everything that he said today. He understands exactly what's going on. He's conversed with [defense counsel] in a coherent way. He's conversed with the [probation officer] in a coherent way. He stated on the record what he wants to happen to him. He's always very articulate when he talks about what he's done and what he wants to happen...There's no issue about him not understanding what this proceeding is and he does understand it."

(N.T. 7/22/2014 p. 40-41). Throughout the hearing, Defendant was able to respond coherently and on point to the questions of this Court, defense counsel and the probation officer. Furthermore, Defendant was able to offer numerous, coherent explanations and defenses for the

8

actions he took, and was able to understand why he was not allowed to smoke marijuana and the consequences for doing so. As this Court further noted, Defendant previously had received a mental health evaluation on October 11, 2011 and a Forensic Intensive Recovery Program evaluation on April 10, 2012. At both of these evaluations, Defendant was found to be competent but in need of mental health treatment. In addition, Defendant complied with the terms and conditions of his sentence in the past and had consistently done just enough to warrant a continuation of his probation. Defendant's behavior, therefore, indicated that he was able to understand the nature of the proceedings and to assist in his defense. Therefore, this Court did not abuse its discretion in finding that Defendant understood everything which occurred during the VOP hearing and ably assisted his attorney with his defense on the record. Thus, no competency evaluation was necessary and the Court did not err in not ordering one for Defendant.

## CONCLUSION

After a review of the applicable statutes, case law and testimony, this Court committed no error. This Court did not err in not requiring a staff member from Defendant's recovery home to be present to testify. Furthermore, this Court did not err in not ordering a competency evaluation for Defendant. Accordingly, this Court's judgment of sentence should be affirmed.

BY THE COURT:

_____
J.

10