J-A24019-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEONTA MANNING-RUFFIN, | : | |
| | : | |
| Appellant | : | No. 2835 EDA 2014 |

Appeal from the Judgment of Sentence of September 4, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0012734-2013

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 02, 2015**

I agree with the Majority's resolution of Appellant's first two issues. However, I believe we should rule upon Appellant's final issue for the sake of judicial economy, as the trial judge otherwise may impose a similar sentence at Appellant's resentencing hearing.

I would hold that a sentence of total confinement based upon the trivial technical violations present in this case constitutes an abuse of discretion. *See*, *e.g.*, *Commonwealth v. Carver,* 923 A.2d 495, 498 (Pa. Super. 2007) ("Technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform."); *Commonwealth v. Ballard*, 814 A.2d 1242, 1246 (Pa. Super. 2003) ("The record in the instant case is devoid of any finding by the court that revocation of Appellant's probation was predicated on his 'willful or

_____

*Retired Senior Judge assigned to the Superior Court.

flagrant disrespect' of the terms of his probation, that revocation was necessary to 'vindicate the authority of the court,' or that Appellant's conduct in failing to report evidenced a likelihood that he would commit another crime if not imprisoned."). If the two trivial technical violations are sufficient to warrant total confinement in order to vindicate the authority of the court, then any violation would be sufficient, and the exception would have swallowed the rule.