J-S69038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDMUND GRENIER, JR. | : | |
| | : | |
| Appellant | : | No. 858 WDA 2017 |

Appeal from the PCRA Order May 18, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000171-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDMUND GRENIER, JR. | : | |
| | : | |
| Appellant | : | No. 859 WDA 2017 |

Appeal from the PCRA Order May 18, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000045-2014

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 15, 2017**

Appellant Edmund Grenier, Jr., appeals from the order entered in the
Court of Common Pleas of Jefferson County denying his first petitions filed
under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546,
with regard two cases: lower court docket numbers CP-33-CR-0000045-

_____
* Former Justice specially assigned to the Superior Court.

2014 and CP-33-CR-0000171-2015.[1]   For the reasons that follow, we affirm.

The relevant facts and procedural history are as follows: On March 5, 2014, the Commonwealth filed an Information at lower court docket number CP-33-CR-0000045-2014, charging Appellant with various crimes in connection with his failure to order, deliver, or install various grave site markers, which had been paid in full by the victims.  On July 2, 2014, Appellant, who was represented by counsel, proceeded to a guilty plea hearing at which he entered a negotiated guilty plea to five counts of deceptive business practices, 18 Pa.C.S.A. § 4107(a)(2).   The Commonwealth indicated that, in exchange for Appellant's plea, the parties had agreed that Appellant would receive a sentence of five years' probation on each count, to run concurrently to each other, and after three years, assuming he had made full restitution, early release would be considered. N.T. 7/2/14, at 2.  The trial court accepted the parties' plea agreement and sentenced Appellant in accordance therewith on that same date.[2]  Appellant did not file a direct appeal.

On April 10, 2015, new charges were filed against Appellant with regard to various crimes in connection with his failure to order, deliver, or

_____

[1] As more fully discussed *infra*, the PCRA court *sua sponte* consolidated the PCRA proceedings in the court below.

[2] The trial court also imposed restitution as to each victim.

install grave site markers as to new victims, and the Commonwealth filed an Information at lower court docket number CP-33-CR-0000171-2015. Appellant, who was represented by counsel, entered a negotiated guilty plea on July 13, 2015, to two counts of deceptive business practices. The Commonwealth indicated that, in exchange for Appellant's guilty plea, the parties had agreed that Appellant would receive a sentence of time served to twenty-four months less one day, to be followed by eight years and one day of probation, as to each count; the sentences to run concurrently. N.T., 7/13/15, at 3. The trial court accepted the parties' plea agreement and sentenced Appellant in accordance therewith on that same date.[3] Appellant did not file a direct appeal; however, on May 12, 2016, he filed a timely *pro se* PCRA petition as to lower court docket number CP-33-CR-0000171-2015. **See** 42 Pa.C.S.A. § 9545(b). The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf.

As to lower court docket number CP-33-CR-0000045-2014, Appellant, who was represented by counsel, proceeded to a probation revocation hearing. At the hearing, the trial court determined that Appellant's new convictions from lower court docket number CP-33-CR-0000171-2015 constituted a violation of his probation, and accordingly, the trial court revoked Appellant's probation at lower court docket number CP-33-CR-

_____

[3] The trial court also imposed restitution.

0000045-2014. The trial court then sentenced Appellant to five years to ten years in prison as to each count, the sentences to run consecutively. Thus, Appellant was sentenced to an aggregate of twenty-five years to fifty years in prison. Appellant filed an appeal to this Court from the September 16, 2015, probation revocation sentence, and on October 6, 2016, this Court affirmed.[4] *See Commonwealth v. Grenier*, No. 1626 WDA 2015 (Pa.Super. filed 10/6/16) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court; however, on November 18, 2016, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel.[5] *See* 42 Pa.C.S.A. § 9545(b).

On November 4, 2016, Appellant proceeded to a PCRA evidentiary hearing at which Appellant and guilty plea counsel testified. By order entered on February 9, 2017, the PCRA court, indicating Appellant's cases

---

[4] On appeal, in his sole appellate issue, Appellant contended the trial court abused its discretion in imposing an excessive sentence upon the revocation of his probation. This Court concluded there was no merit to Appellant's claim.

[5] We note that a probation revocation proceeding may give rise to a limited PCRA remedy, but only in limited situations will a probation revocation "reset the clock" on a PCRA petition. *Commonwealth v. Garcia*, 23 A.3d 1059, 1062 n.3 (Pa.Super. 2011). While an offender may file a PCRA petition within one year following the conclusion of the direct review of any new sentence imposed following a revocation of probation, the only issues that may be raised in such a PCRA petition relate to the validity of the revocation proceeding and the legality of any new sentence that was imposed. *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa.Super. 2007); *Commonwealth v. Ballard*, 814 A.2d 1242, 1244 (Pa.Super. 2003).

were related, *sua sponte* consolidated Appellant's PCRA petitions filed at lower court docket numbers CP-33-CR-0000045-2014 and CP-33-CR-0000171-2015.

On May 9, 2017, the PCRA court held an additional PCRA evidentiary hearing at which Appellant and guilty plea counsel testified. By order and opinion entered on May 18, 2017, the PCRA court denied the PCRA petitions filed in both cases. Appellant filed timely, counseled notices of appeal to this Court on June 9, 2017. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents the following issues:

1. Did the [PCRA] court err in failing to find that [Appellant] was denied the effective assistance of counsel, and that he was hereby prejudiced and entitled to a new trial, at No. CP-33-CR-0000171-2015, when his trial counsel failed to adequately advise [Appellant] of the consequences of entering guilty pleas at No. CP-33-CR-0000171-2015 relative to the criminal case he was then serving probationary sentences on at No. CP-33-CR-0000045-2014?

2. If [the] court grants [Appellant] a new trial at No. CP-33-CR-0000171-2015, due to the ineffectiveness of his plea counsel, should [Appellant's] revocation of probation re-sentences at No. CP-33-CR-0000045-2014 be set aside as said convictions at No. CP-33-CR-0000171-2015 were the sole basis for the revocation of [Appellant's] probationary sentences at No. CP-33-CR-0000045-2014?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa.Super. 2015) (quotations marks and quotation omitted). This Court is limited to

- 5 -

determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa.Super. 2012). "Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard." ***Commonwealth v. Johnson***, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted).

We conduct review of ineffective assistance of counsel claims under the following legal precepts:

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

***Commonwealth v. Benner***, 147 A.3d 915, 919–20 (Pa.Super. 2016) (quotation marks, quotations, and citations omitted).

Additionally:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013) (citations and internal quotation marks omitted).

In the case *sub judice*, Appellant claims his counsel was ineffective at the guilty plea stage with regard to Appellant's case at lower court docket number CP-33-CR-0000171-2015. In this regard, Appellant argues that he was not informed of the collateral consequence of his plea (that the trial court could revoke his probationary sentences imposed for his convictions at lower court docket number CP-33-CR-0000045-2014), and further, had he known of the collateral consequence, he would not have pleaded guilty at lower court docket number CP-33-CR-0000171-2015. *See* Appellant's Brief at 11. We find no relief is due on this claim.

Initially, we note that, in making its credibility determinations, the PCRA court found that guilty plea counsel informed Appellant that, by entering a guilty plea at lower court docket number CP-33-CR-0000171-2015, the trial court would revoke Appellant's probation at lower court docket number CP-33-CR-0000045-2014. *See* PCRA Court Opinion, filed 5/18/17, at 1-2. The PCRA court's finding is supported by the record. *See* N.T., 11/4/16, at 26-29 (guilty plea counsel testified at PCRA hearing that he

"absolutely without doubt told [Appellant] his probation would be revoked" by virtue of entering the guilty plea).

In any event, our Court has previously held:

Once a guilty plea has been entered and sentence imposed, the plea may be withdrawn only upon a showing of manifest injustice, which may be established if the plea was not voluntarily or knowingly entered. However, the appellate courts of the Commonwealth consistently have ruled that a defendant's lack of knowledge of *collateral* consequences to the entry of a guilty plea does not render a plea unknowing or involuntary.

Probation revocation proceedings in an unrelated criminal action do not involve sentencing consequences of pleading guilty in the action at issue. Thus, we hold that the possibility of probation revocation is a collateral consequence to a guilty plea, and the fact that a defendant was not informed that he faces such a possibility in an unrelated criminal case does not undermine the validity of the plea.

*Commonwealth v. Brown*, 680 A.2d 884, 887 (Pa.Super. 1996) (internal citations and quotations omitted) (italics in original). *See Barndt*, *supra* (noting that parole revocation is a collateral consequence and counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel).

Accordingly, in the case *sub judice*, even assuming, *arguendo*, guilty plea counsel did not advise Appellant of the collateral consequence of probation revocation, such an omission without more, would not constitute ineffective assistance of counsel. *Barndt*, *supra*.

This does not end our inquiry, however, as Appellant alternatively argues that his counsel directly and specifically misinformed him about the consequences of pleading guilty at lower court docket number CP-33-CR-

0000171-2015. In this regard, he argues that, upon entry of his guilty plea at lower court docket number CP-33-CR-0000171-2015, counsel affirmatively misled him as to the maximum prison sentence he could receive upon revocation and resentencing at lower court docket number CP-33-CR-0000045-2014. Appellant's Brief at 14, 17. Appellant specifically avers that counsel created the false impression that "his maximum probation revocation sentencing exposure, by pleading guilty at CP-33-CR-0000171-2015, was a 5 to 10 year sentence." *Id.* at 11.

As discussed *supra*, counsel's failure to inform a defendant about the possibility of probation revocation in an unrelated case is a collateral consequence of a guilty plea, and it does not, without more, invalidate the plea. **Brown**, **supra**. However, we have held that when counsel directly misinforms the defendant regarding probation revocation it does compromise the validity of the plea. As this Court has held:

> As clear as our case law is that counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffectiveness of counsel, it is equally clear that counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences, without regard to whether the consequences in question are "direct" or "collateral."

**Barndt**, 74 A.3d at 196.

In developing his claim, Appellant points to the fact that, during his guilty plea colloquy for the charges at lower court docket number CP-33-CR-0000171-2015, the trial court, without objection from guilty plea counsel,

asked Appellant the following question: "Do you understand that you could also be given, without anything else, a sentence of no less than five (5) nor more than ten (10) years and a $25,000 fine on the case you're currently on probation for?" N.T., 7/13/15, at 5. Also, at the conclusion of the colloquy and sentencing for lower court docket number CP-33-CR-0000171-2015, the trial court indicated it was revoking the previously imposed work release and Appellant would be detained in the county jail. The trial court then noted, without objection, that "[i]f today I had to sentence, I would give you five to ten years." *Id.* at 10-11.

In explaining the reasons for not objecting, as well as providing the PCRA court with what information he gave to Appellant regarding the possible sentence that could be imposed upon revocation of Appellant's probation, guilty plea counsel relevantly testified as follows on direct-examination by Appellant's PCRA counsel at the PCRA hearing:

**Q:** Do you recall representing [Appellant] in this case?

**A:** I do in both cases.

**Q:** Okay. I'm speaking specifically about CR-171-2015 where he pled guilty and was sentenced on July 13, 2015, to a felony 2 and a felony 3 deceptive business practices.

**A:** I don't recall exactly what he pled to. I do recall the situations involving both pleas.

**Q:** Were you aware at that time in July 13, 2015, or prior that [Appellant] was on probation at Case No. CR-45-2014?

**A:** Yes, if that's the Jefferson County case, he was on probation based upon a plea arrangement that I had negotiated with District Attorney Burkett.

**Q:** Did you have any discussion with [Appellant] prior to him entering his plea that if he pled guilty to those 2 counts at CR—Jefferson County CR-171-2015, that his probation could be revoked at CR—Jefferson County CR-45-2014?

**A:** Well, yes, and no. I had no discussions where I would have told him his probation could be revoked. I absolutely without doubt told him his probation would be revoked. By pleading to the second case, his probation on the first case would be revoked.

**Q:** Okay.

**A:** And before you even ask on the first case, we had many discussions about the difference between parole and probation especially in the line of a revocation and many discussions about whether or not his sentence on the first case could be consecutive or concurrent. And I believe if you check the sentences, they were concurrent sentences in the first case. But without doubt, I explained to him that if he revoked on probation, the Judge has free reign. He could give him anything up to the statutory max consecutive or concurrent.

**Q:** Did you tell him that his overall exposure on that, you're calling the first case, the one that the Judge eventually did sentence him on a revocation, that his sentence—his total sentence exposure could be 25 to 50 years?

**A:** I don't know if I did the math total for him, but I am certain I told him on each case that he was on parole or probation for, it could run consecutively.

**Q:** Now, I'm looking at the July 13th, 2015, transcript of the plea and sentence in this case.

**A:** 171?

**Q:** Yeah, 171. And this is the court at page five addressing [Appellant]. The court says: Do you understand you could also be given without anything else a sentence of no less than 5 nor more than 10 years and a $25,000 fine on the case you're currently on probation for? [Appellant] answers: Yes, Your Honor.

\*\*\*

When the Judge told [Appellant] [this], what basis, if any, did you have not to correct that statement or not to object and indicate that's incorrect? His exposure was basically 25 to 50 years, not 5 to 10.

- 11 -

**A:** I don't know that I didn't correct it.  If it's not on the record, obviously, I didn't correct it on the record.  I don't have any specific recollection of that particular event.  However, it's certainly possible I leaned over to [Appellant] and told him that could be each count or consecutive or whatever I may have said.  So I can't say I had no basis for not correcting it because I may have correct it.

**Q:** You don't know, though?

**A:** I don't recall that, no.  I am absolutely certain we had multiple discussions about revocation of probation and how it was essentially a free reign to the Judge.

N.T., 11/4/16, at 26-29.

On cross-examination by the district attorney, Appellant's guilty plea counsel confirmed that he informed Appellant that his entry of a guilty plea in lower court docket number CP-33-CR-0000171-2015 would result in a revocation of his probation in lower court docket number CP-33-CR-0000045-2014.  *Id.* at 33.  Further, he testified that Appellant was "aware of what would happen on revocation." *Id.* at 33.

In analyzing Appellant's claim, the PCRA court specifically stated that it found guilty plea counsel's testimony at the PCRA hearing to be credible.  PCRA Court Opinion, filed 5/18/17, at 2.  Thus, the PCRA court concluded that, although the trial court had referenced during the guilty plea colloquy for lower court docket number CP-33-CR-0000171-2015 the possibility of Appellant receiving 5 to 10 years in prison upon revocation of his probation in lower court docket number CP-33-CR-0000045-2014, without specifying this was for each count, guilty plea counsel had credibly testified at the PCRA hearing that he had, throughout his representation of Appellant,

emphasized that the trial court had "free reign" and could impose consecutive statutory maximum sentences upon revocation of the probation.[6]

Moreover, it is noteworthy that, during the July 2, 2014, guilty plea colloquy with regard to Appellant's charges at lower court docket number CP-33-CR-0000045-2014, the trial court asked Appellant if he understood the guidelines ranges, the maximum punishment, and that, if Appellant violated his probation, he "could be incarcerated to the maximum punishment." N.T. 7/2/14, at 2-4. Appellant responded affirmatively to each question. *Id.* The corresponding sentencing guideline forms, which Appellant confirmed he reviewed, indicated that each of his five convictions for deceptive business practices carried a maximum term of five years to ten years in prison.

Based on the record before it, the PCRA court concluded that "without reservation" Appellant fully understood by the time he left the courthouse on November 4, 2016 (after his guilty plea to the charges at lower court docket number CP-33-CR-0000171-2015) that he had previously pled guilty (at lower court docket number CP-33-CR-0000045-2014) to five second-degree felonies entailing a maximum aggregate sentence of 25 to 50 years in

---

[6] In fact, that is precisely what occurred, and therefore, Appellant received 5 to 10 years for each count upon resentencing with the sentences to run consecutively. Thus, he was sentenced to an aggregate of 25 to 50 years in prison.

prison. PCRA Court Opinion, filed 5/18/17, at 3. Accordingly, the PCRA court rejected Appellant's claim that guilty plea counsel misled or created a false impression as to the maximum prison term Appellant could receive upon the revocation of his probation for lower court docket number CP-33-CR-0000045-2014, and therefore, guilty plea counsel was not ineffective as it related to Appellant's entry of the guilty plea at lower court docket number CP-33-CR-0000171-2015.

We conclude the record supports the PCRA court's conclusions and its ruling is free of legal error.[7] **Rykard**, **supra**. Accordingly, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017

---

[7] In light of our conclusion *supra*, we need not address Appellant's remaining appellate issue: whether his sentence at lower court docket CP-33-CR-0000045-2014 should be set aside due to the alleged ineffectiveness of plea counsel with regard to the entry of Appellant's plea at lower court docket number CP-33-CR-0000171-2015.

.