COMMONWEALTH of Pennsylvania, Appellee,

v.

**Paul David WEIMER, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 30, 1999.
Filed July 11, 2000.

Paul D. Weimer, appellant, pro se.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before: HUDOCK, EAKIN and BECK, JJ.

EAKIN, J.:

¶ 1 Paul David Weimer appeals *pro se* from the order denying his petition to reinstate appellate rights *nunc pro tunc*, three motions to correct illegal sentence and his petition for writ of *habeas corpus*.[1]

---

1. Appellant incorrectly characterizes this as a     direct appeal from the judgment of sentence.

¶ 2 Charged with involuntary deviate sexual intercourse, corruption of a minor, indecent assault and criminal solicitation, appellant entered a negotiated plea of *nolo contendere* to two counts of corruption of a minor; the remaining charges were dismissed January 26, 1990. His sentence was two concurrent five-year terms of probation. No motions were filed after sentencing and no appeal was taken.

¶ 3 Following a revocation hearing, appellant was resentenced June 24, 1993, to an aggregate of five to ten years. A court-appointed public defender filed a petition to reinstate appellate rights November 15, 1993, indicating that by the time the order appointing counsel was entered, the time for appeal had expired. The record does not reflect any disposition of this petition.

¶ 4 Appellant had previously filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, in early 1992. Counsel was appointed, and filed an amended petition May 25, 1994, alleging plea counsel's ineffectiveness in failing to object to a defective plea colloquy, failing to move to withdraw the plea and advising appellant to enter the plea. The petition was denied July 13, 1995; this Court affirmed the denial January 15, 1997. The Supreme Court denied appellant's petition for allowance of appeal June 25, 1997.

¶ 5 Between May 6, 1998 and November 17, 1998, appellant filed a *pro se* petition to reinstate appellate rights *nunc pro tunc*, three *pro se* motions to correct an illegal sentence based upon want of allocution, and a *pro se* petition for writ of *habeas corpus*. All were deemed without merit and denied January 11, 1999. This appeal followed, in which three issues are raised:

1) Whether the trial court erred by not allowing appellant the right to allocu-

tion prior to the imposition of sentence at his revocation hearing;

2) Whether the trial court erred in imposing a sentence greater than the maximum originally imposed, in breach of the original plea agreement, when appellant was sentenced to consecutive terms following a revocation hearing; and

3) Whether trial counsel was ineffective in failing to object to the trial judge in denying appellant the right to allocution prior to imposing the sentence and failing to object to the imposition of a sentence twice the length of the originally imposed negotiated sentence.

¶ 6 Before we address the merits, we note that although appellant's *pro se* petitions were couched in terms of *habeas corpus*, illegality of sentence and reinstatement of direct appellate rights, the relief he sought was available under the PCRA.[2] In *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998), the Supreme Court held that where a *habeas corpus* petitioner alleged violations which undermined the truth-determining process, such claims were cognizable under the PCRA; therefore, the petition would be treated as a PCRA petition. The Court noted the PCRA subsumed the remedy of *habeas corpus*, unless there was no remedy under the PCRA. *See id.*, at 640; *see also Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223–24 (1999) (where PCRA petition was untimely, *habeas corpus* was not available as a separate remedy because petitioner's claims of illegal sentence and ineffectiveness of counsel were covered under the PCRA); *Commonwealth v. DiVentura*, 734 A.2d 397, 398 (Pa.Super.1999) (since common law remedy of *habeas corpus* was subsumed under the PCRA, *habeas corpus* petition was treated as PCRA petition);

---

**2.** *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), held the PCRA is the proper vehicle for obtaining a direct appeal *nunc pro tunc*. However, appellant filed his petition for reinstatement of appellate rights May 6, 1998, prior to the decision in *Lantzy*, and this

Court has held *Lantzy* is not to be applied retroactively. *See Commonwealth v. Garcia*, 749 A.2d 928 (Pa.Super.2000), *Commonwealth v. Hitchcock*, 749 A.2d 935 (Pa.Super.2000).

*Commonwealth v. Hockenberry*, 455 Pa.Super. 626, 689 A.2d 283, 288 (1997) (untimely motion to modify illegal sentence treated as PCRA petition, since issues relating to legality of sentence are cognizable under PCRA). Here, the issues raised by appellant address the legality of his sentence and the ineffectiveness of counsel, which are both covered by the PCRA.

¶ 7 In *Fahy, supra,* the Supreme Court rejected the assertion the time requirements of the PCRA are impermissibly retroactive. The Court held the 1995 amendments "do not act as a retroactive denial of rights," as the appellant was not deprived of the opportunity to seek collateral relief; in fact, he had done so on three prior occasions. *Id.,* at 220. Moreover, if the appellant had not previously filed a petition for collateral relief, the amendments provided him a one-year window, from the effective date of the amendments, within which to do so. *Id.*

¶ 8 In *Commonwealth v. Priovolos*, 746 A.2d 621 (Pa.Super.2000), our Court held the appellant's petition for a PCRA rehearing *nunc pro tunc* was a second PCRA petition subject to the time restrictions of the 1995 PCRA amendments after the appellant was denied relief in his first petition. "[W]here a petitioner has had the benefit of one effectively-counseled petition for collateral relief, our supreme court has held that a subsequent petition should be treated as a second petition under the PCRA." *Id.,* at 624 (citing *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 586 (1999)).

¶ 9 For these same reasons, we conclude appellant's petitions should be treated collectively as a second PCRA petition. Appellant had the opportunity to seek collateral relief, and in fact did so in his first counseled PCRA petition, which was denied July 13, 1995. The present petition, deemed appellant's second one, is therefore subject to the time restrictions of the 1995 amendments to the PCRA, which provide that a second or subsequent petition must be filed within one year of the date the judgment of sentence becomes final, unless one of three statutory exceptions at Section 9545(b)(1) [3] apply. *Yarris*, at 586; 42 Pa.C.S. § 9545(b)(1).

¶ 10 Appellant's judgment of sentence became final on or about July 24, 1993, upon the expiration of the thirty-day period for seeking direct appellate review. Pa. R.A.P. 903. The PCRA required him to file his second petition one year later; however, the instant petition was not filed until 1998, five years later. Appellant did not allege in his petition, nor does he raise on appeal, any of the three timeliness exceptions. As appellant has failed to satisfy the PCRA's time requirements, he is not entitled to relief.

¶ 11 Order affirmed.

---

**3.** Section 9545(b)(1) provides in pertinent part:

  (b) Time for filing petition.—

  (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

  (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

  (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

  (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.