J-S45044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL POWELL, | |
| Appellant | No. 172 WDA 2016 |

Appeal from the Order Entered January 6, 2016
in the Court of Common Pleas of Westmoreland County
Criminal Division at Nos.: CP-65-CR-0001558-1989
CP-65-CR-0001559-1989
CP-65-CR-0002580-1988

BEFORE:  OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED AUGUST 18, 2016**

Appellant, Samuel Powell, appeals, *pro se*, from the order of January 6, 2016, which denied his motion to vacate sentence.  After review, we conclude that Appellant's motion was, in actuality, an untimely serial petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Accordingly, we affirm, but remand for disposition of Appellant's first PCRA petition filed in 1995.

We take the underlying facts and procedural history in this matter from the PCRA court's February 12, 2016 opinion and our independent review of the certified record.

---

[*] Retired Senior Judge assigned to the Superior Court.

On October 30, 1989, Appellant entered an open guilty plea to twenty-three counts of rape and related charges, arising from the sexual abuse of his daughter. On January 22, 1990, the trial court sentenced Appellant to a term of incarceration of not less than thirty nor more than sixty years. On January 24, 1990, Appellant filed post-sentence motions seeking either to withdraw his guilty plea or for a hearing on his request, and to modify his sentence. The trial court denied the motion for modification of sentence on February 20, 1990 and the motion to withdraw the guilty plea on April 19, 1990. On March 18, 1992, this Court affirmed the judgment of sentence.[1] (*See Commonwealth v. Powell*, No. 01448 Pittsburgh 1991, unpublished memorandum (Pa. Super. filed March 18, 1992)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On June 7, 1995, Appellant, acting *pro se*, filed a motion to withdraw his guilty plea. While not specifically deeming the filing to be a PCRA petition, by order of June 9, 1995, the PCRA court appointed counsel. (*See* Order, 6/09/95, at unnumbered page 1). There was no further action on the petition until September 19, 2003, when Appellant, acting *pro se*, filed a motion seeking to compel the court to rule on his motion to withdraw his

---

[1] This Court had previously quashed Appellant's appeal because counsel did not include a Pa.R.A.P. 2119(f) statement in the appellate brief. (*See Commonwealth v. Powell*, No. 00442 Pittsburgh 1990, unpublished memorandum (Pa. Super. filed November 13, 1990)). Appellant subsequently sought leave to appeal *nunc pro tunc*, which the trial court granted.

guilty plea. (**See** Motion to Compel Compliance, 9/19/03, at unnumbered page 1). By order of November 12, 2003, the court dismissed the motion to compel "without prejudice to the filing of a counseled petition." (Order, 11/12/03, at unnumbered page 1). It appears that the court did not take any further action with respect to Appellant's 1995 PCRA petition.

On January 4, 2010, Appellant, acting *pro se*, filed a writ of *habeas corpus ad subjiciendum*. The court denied the writ on February 5, 2010. Appellant did not file an appeal.

In 2013, the Commonwealth ascertained that the Pennsylvania Department of Corrections was calculating Appellant's sentence differently from the sentence imposed by the trial court, apparently based on discrepancies between the sentence imposed at sentencing and the written sentencing order. On January 18, 2013, the Commonwealth filed a motion to correct the sentencing order. After review, the trial court found minor discrepancies between the sentence imposed at sentencing and the written sentencing order. By order of April 4, 2013, the trial court granted the Commonwealth's motion and corrected the written sentencing order to conform to the previously imposed sentence. Appellant appealed. On December 13, 2013, we affirmed. (**See Commonwealth v. Powell**, 93 A.3d 510 (Pa. Super. 2013) (unpublished memorandum)). On May 22, 2014, the Pennsylvania Supreme Court denied leave to appeal. (**See Commonwealth v. Powell**, 92 A.3d 811 (Pa. 2014)).

On October 22, 2015, Appellant, acting *pro se*, filed a motion to vacate sentence pursuant to **Alleyne v. United States**, 133 S. Ct. 2151 (2013). The PCRA court denied the motion on January 6, 2016 reasoning that **Alleyne** does not apply retroactively to cases on collateral review.  In support, the court cited **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015).  The instant, timely appeal followed.[2]

On appeal, Appellant challenges the denial of his motion to vacate sentence.  (**See** Appellant's Brief, at 3).

Initially, we conclude that the trial court correctly, albeit implicitly, by noting the case was on collateral review, treated Appellant's motion to vacate sentence as a PCRA petition.  The PCRA is the sole means of obtaining collateral relief, encompassing common law remedies.  **See** 42 Pa.C.S.A. § 9542.  Pennsylvania courts have consistently held that, so long as it falls within the ambit of the PCRA, any petition filed after the judgment of sentence is final is to be treated as a PCRA petition.  **See Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (noting cases).   Here, Appellant's claims regarding the legality of sentence are cognizable under the PCRA.  **See Commonwealth v. Weimer**, 756 A.2d 684, 685-86 (Pa. Super. 2000),

---

[2] The court did not order Appellant to file a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  On February 12, 2016, it filed an opinion.  **See** Pa.R.A.P. 1925(a).

*appeal denied*, 764 A.2d 50 (Pa. 2000); ***see also*** 42 Pa.C.S.A. § 9543(a)(2)(vii). Thus, the court properly treated the motion for sentence relief as a serial PCRA petition.[3] ***See Weimar***, ***supra*** at 686 (treating petition for writ of *habeas corpus* as PCRA where it challenged legality of sentence).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a

---

[3] We note that, despite the pendency of the 1995 petition, Appellant's serial filing is properly treated as a separate petition. ***See Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003) (noting generally that Pennsylvania Supreme Court has opposed notion that untimely collateral petitions may be viewed as extensions of previous collateral petitions). In ***Commonwealth v. Porter***, our Supreme Court held that, absent the grant of a motion to amend, a petition addressing new and unrelated claims, such as the instant petition, should not be treated as an amendment of an initial PCRA petition. ***See Commonwealth v. Porter***, 35 A.3d 4, 12-13 (Pa. 2012). The Supreme Court distinguished its earlier decision in ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000), limiting the holding in ***Lark*** to only those cases where an appellant files a second or subsequent PCRA when an earlier PCRA is pending in an appellate court. ***See Porter***, ***supra*** at 14. Because there was not a PCRA pending in an appellate court at the time Appellant filed the instant petition, the PCRA court had jurisdiction to review it under ***Porter.***

trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his serial PCRA petition on October 22, 2015. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on April 17, 1992, thirty days after this Court affirmed the judgment of sentence and Appellant failed to seek leave to appeal to the Pennsylvania Supreme Court. ***See*** Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant's first PCRA petition was pending at the time of the 1995 amendments to the PCRA. Thus, Appellant does not qualify for the one-year tolling provision in the 1995 amendments as the instant filing represents a serial petition. ***See Commonwealth v. Lesko***, 15 A.3d 345, 366-67 (Pa. 2011) (holding that where judgment of sentence was final prior to 1995 amendments and petition in question was serial petition, tolling provision did not apply; serial petition filed after effective date of amendments, January 16, 1996, was untimely). Because Appellant did not file his current petition until October 22, 2015, the petition is facially untimely. ***See id.*** Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant appears to contend that his petition is timely under § 9545(b)(1)(iii), specifically that the United States Supreme Court's decision in *Alleyne*, *supra* renders his sentence illegal. (*See* Appellant's Brief, at 6). We disagree.

Firstly, we note that the fact that Appellant challenges the legality of sentence does not allow him to evade the PCRA's timeliness requirements.

In **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The **Fahy** Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Id.** at 223 (citation omitted). Thus, Appellant cannot elude the PCRA timeliness requirements based on a claim of an illegal sentence. **See id.**

In any event, our Supreme Court has clearly and unequivocally held that **Alleyne** does not apply retroactively to cases pending on collateral review. **See Commonwealth v. Washington**, --- A.3d ---, 2016 WL 3909088, at *8 (Pa. filed July 19, 2016).

Here, Appellant was sentenced in 1990. His judgment of sentence became final in 1993. Thus, this matter is clearly on collateral review, and his PCRA petition, even if captioned as a "motion," is facially untimely. Because **Alleyne** does not apply retroactively to cases on collateral review, it cannot afford Appellant relief. **See Washington, supra** at *8; **see also Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014); **Riggle**, **supra** at 1064.

Thus, Appellant's PCRA petition is untimely with no statutory exception to the PCRA time-bar applying. **See Hutchins**, **supra** at 53. Accordingly, we affirm the order of the PCRA court, but direct the court to decide Appellant's 1995 PCRA petition as expeditiously as possible.

Order affirmed. Case remanded with instructions. Jurisdiction relinquished.

Judge Dubow joins the Memorandum.

Judge Olson files a Concurring Memorandum in which Judge Dubow also joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016