J-S35043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
ELEAZAR YISRAEL   :
  :
Appellant   :   No. 647 MDA 2022

Appeal from the PCRA Order Entered April 6, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003750-2015

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORADUM BY STEVENS, P.J.E.:      **FILED NOVEMBER 16, 2022**

Appellant, Eleazar Yisrael, appeals from the order entered in the Court of Common Pleas of Luzerne County dismissing his counseled motion to reinstate his rights to file a Post-Conviction Relief Act ("PCRA")[1] appeal after this Court had dismissed his PCRA appeal seven months earlier for the failure to complete a docketing statement form pursuant to Pa.R.A.P. 3517. Counsel for Appellant has filed a purported "***Anders*** brief"[2] and a petition to withdraw as counsel. We reverse the order, deny counsel's petition to withdraw, and remand for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

The trial court aptly summarizes the facts and procedural history of the present matter:

This matter arises from an information filed by the Luzerne County District Attorney against [Appellant] on November 30, 2015. The charges contained in the information were criminal homicide, robbery, burglary, tampering with or fabricating physical evidence and abuse of corpse. These charges resulted from the fatal shooting of Samuel Vacante in his residence located at 20 Coventry Lane, Drums, Luzerne County, Pennsylvania.

Appellant entered a plea of not guilty at his arraignment on December 1, 2015. Following a six-day trial which concluded on December 13, 2016, Appellant was found guilty on all charges. Appellant was immediately sentenced to a mandatory term of life in prison for first degree murder, a consecutive term of ninety-six to one hundred ninety-two months for robbery, fifty-four to one hundred eight months for burglary, a consecutive term of nine to eighteen months for tampering with or fabricating physical evidence and a consecutive term of fifteen to thirty months for abuse of corpse. The total sentence was life plus one hundred seventy-four to three hundred forty-eight months. His post-sentence motion was denied by order dated March 30, 2017.

A notice of appeal was then filed twenty-five days later. Appellant's convictions and judgment of sentence were affirmed by the Superior Court of Pennsylvania in a non-precedential decision filed on April 24, 2018. The Supreme Court of Pennsylvania denied Appellant's Petition for Allowance of Appeal on October 31, 2018.

A *pro se* Motion for Post-Conviction Collateral [("PCRA")]Relief was filed by Appellant on November 4, 2019. Counsel was appointed to represent Appellant and he filed a Supplement to the PCRA petition. On March 30, 2021, a PCRA hearing was held. Appellant testified on his own behalf and the Commonwealth presented the testimony of trial counsel. Appellant's Motion for PCRA relief was denied by order dated April 19, 2021.

A Notice of Appeal was filed on behalf of Appellant on May 6, 2021. . . . [None of the issues raised in his court-ordered Pa.R.A.P. 1925(b) statement had been addressed at the PCRA hearing]. On

July 28, 2021, Appellant's [counseled] appeal was dismissed by the Superior Court of Pennsylvania due to the failure to comply with Pa.R.A.P. 3517.

More than seven months later, a Motion to Reinstate Appeal was filed on behalf of Appellant in the trial court.[3] This motion was denied on April 6, 2022.

. . .

[The lower court explained its reason for denying the motion, as follows:]

---

[3] In the motion filed with the lower court, conflicts counsel (now acting in a *pro bono* capacity) stated the following:

1. On July 28, 2021, the Superior Court dismissed the appeal in this matter[, pursuant to Pa.R.A.P. 3517, Docketing Statement], due to the failure of the Appellant to submit a Docketing Statement.

2. It is believed that this Docketing Statement was not filed due to confusion by Appellant's [prior] Counsel of Record; more particularly, Appellate Counsel of Record was representing the Appellant in Counsel's capacity as an Assistant Conflicts Counsel while Undersigned Counsel was to take over said appeal, in his capacity as Assistant Conflicts Counsel.

3. This matter was being reassigned within the Luzerne County Conflicts office to Undersigned Counsel, however Undersigned Counsel in his capacity as Assistant Conflicts Counsel, had not yet entered his appearance of record with the Appellate court and expected Counsel of Record to protect the record until such time.

4. It is believed that the failure to file the Docketing Statement, which caused the appeal to be dismissed was due to miscommunication between appellate Counsel of Record and Undersigned Counsel.

5. Undersigned Counsel has since terminated his association with the Luzerne County Conflicts office [and is representing Appellant *pro bono*].

Defendant's Motion to Reinstate Appeal, 3/21/22, at 1-2.

As previously indicated, Appellant's current appeal is from the order denying reinstatement of his appellate rights. Appellant's appeal was dismissed by the Superior Court of Pennsylvania. [The lower court] has no authority to reinstate an appeal dismissed by an appellate court. Appellant's remedy is to seek reinstatement of the appeal from the appellate court. *See* 24 *Corpus Juris Secundum* Reinstatement of Appeal Section 2556. "Judges of coordinate jurisdiction sitting in the same case should not overrule each other's decision." Commonwealth v. Turner, 73 A.3d 1283, 1286 (Pa. Super. 2013). It would follow that a trial court should not, and cannot, overrule a decision of an appellate court. As a result, the April 6, 2022 Order denying Appellant's Motion to Reinstate Appeal should be affirmed.

Lower Court Opinion, 6/16/22, at 1-3. This timely appeal followed.

Appellate counsel's "***Anders*** brief" presents the following questions for

our review:

1. Whether the [lower] court erred as a matter of law in denying Mr. Yisrael's motion to reinstate appeal?

2. Whether there are any substantive issues of merit that are cognizable by the Superior Court in this matter?

***Anders*** brief, at 3. In fact, because the present appeal stems from the denial

of PCRA relief, as explained below, counsel should have filed a ***Turner***/***Finley***

letter or brief instead.[4]

---

[4] When counsel seeks to withdraw on an appeal form the denial of PCRA relief, counsel should file a ***Turner/Finley*** letter or brief, not an ***Anders*** brief. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, we may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter because an ***Anders*** brief offers broader protection. ***See Commonwealth v. Widgins***, 29 A.3d 816,
*(Footnote Continued Next Page)*

As we have observed, the lower court determined that because this Court issued the order dismissing Appellant's PCRA appeal, the lower court possessed neither the authority nor jurisdiction to entertain Appellant's motion for reinstatement of his PCRA appeal rights. This determination was erroneous, as it was incumbent upon the lower court to review Appellant's counseled motion to reinstate his PCRA rights *nunc pro tunc* as a subsequent PCRA petition. *See Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003) (treating petition seeking reinstatement of PCRA appeal rights as a PCRA petition); *Commonwealth v. Weimer*, 756 A.2d 684, 686 (Pa. Super. 2000) (treating appellant's motions, including motion to reinstate appeal rights, as a PCRA petition).

Our standard of review from the denial of post-conviction relief is "limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238 (Pa. Super. 2011). In the case *sub judice*, because the lower court declined to consider Appellant's motion, we are without an evidentiary record necessary to review his claim that a mutual miscommunication involving prior counsel, present counsel, the Luzerne County Conflicts office, and, perhaps, the administrative/secretarial operations of the lower court reflected the type of breakdown warranting

---

817 n.2 (Pa. Super. 2011). If counsel has filed an *Anders* brief instead of a *Turner/Finley* brief, we analyze whether counsel's brief meets the standards of *Turner/Finley*.

reinstatement of his PCRA appeal rights notwithstanding the patent untimeliness of his most recent PCRA petition in which he raises this claim.

Therefore, we deem it necessary to remand this matter to the PCRA court for further development of material facts of record with respect to Appellant's request for reinstatement of his PCRA appeal rights *nunc pro tunc.*

Order reversed. Case remanded for further proceedings consistent with this decision. Petition to withdraw as counsel denied. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2022