J-S34026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL A. WASHINGTON | |
| Appellant | No. 3822 EDA 2016 |

Appeal from the PCRA Order Dated November 15, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003003-2005
CP-15-CR-0003130-2005
CP-15-CR-0005357-2005
CP-15-CR-0005974-2005

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.: FILED SEPTEMBER 11, 2017

Appellant, Michael A. Washington, appeals *pro se* from the order dismissing his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In our prior memorandum decision resolving Appellant's first PCRA petition, we set forth the following background:

> In docket number 5357-2005, appellant was convicted by a jury of one (1) count of Possession of a Controlled Substance with the Intent to Deliver ("PWID") cocaine, one count of Possession of a Controlled Substance (cocaine), and one (1) count of Possession of Drug Paraphernalia. On May 31, 2006, [Appellant] was sentenced on the one count of PWID to three (3) to six (6) years' incarceration in a state correctional institution. No

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentence was imposed on the Possession of Drug Paraphernalia or Possession of a Controlled Substance counts. Appellant received credit for time served.

In docket number 5974-2005, appellant entered a negotiated guilty plea to one (1) count of Persons Not to Possess a Firearm and one (1) count of PWID (cocaine). On the one count of Persons Not to Possess a Firearm, appellant was sentenced to five (5) to ten (10) years' incarceration in a state correctional institution. This sentence was to run consecutive to the sentence imposed in docket number 5357-2005. On the one count of PWID, appellant received five (5) years of probation to be served consecutive to the sentence imposed on the Persons Not to Possess a Firearm charge. As part of this negotiated plea agreement, the sentences imposed in docket numbers 3003-2005 and 3130-2005 were to run concurrent with the sentences imposed in this case and also with docket number 5357-2005.

In docket number 3003-2005, appellant plead guilty pursuant to a negotiated guilty plea to two (2) counts of PWID (cocaine). Appellant was sentenced on count one to two (2) to four (4) years' incarceration in a state correctional institution. On count two of that same information, appellant was sentenced to two (2) to four (4) years' incarceration in a state correctional institution. The second PWID count was imposed concurrent with the first count. The sentences imposed in this docket number were to run concurrent with the sentences imposed in docket numbers 5357-2005 and 5974-2005.

In docket number 3130-2005, appellant plead guilty pursuant to a negotiated guilty plea to one (1) count of PWID (cocaine). Appellant was sentenced on the one count of PWID to two (2) to four (4) years' incarceration in a state correctional institution followed by two (2) years of consecutive probation. The sentence imposed in this docket number was to run concurrent to the sentences imposed in docket numbers 5357-2005 and 5974-2005.

*Commonwealth v. Washington*, No. 1157 EDA 2016, at 1-2 (Pa. Super.

Sept. 23, 2016) (citation to the record omitted).

Appellant never filed a direct appeal. Appellant completed his sentence for Docket Number 3003-2005 in 2010 and his sentence for Docket Number 5357-2005 in 2011. On August 20, 2015, Appellant was found in violation of his probation for Docket Numbers 3150-2005 and 5974-2005 and was sentenced to two to five years' incarceration.

> On November 12, 2015, appellant filed a **pro se** PCRA petition with this Court. On November 24, 2015, Robert P. Brendza, Esquire, was appointed to represent appellant in all matters pertaining to the Petition. On February 2, 2016, Attorney Brendza petitioned the Court for leave to withdraw as PCRA counsel, filing a "no-merit" letter pursuant to the procedures outlined in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).
>
> *     *     *
>
> On March 22, 2016, the PCRA court entered an order dismissing appellant's PCRA petition, rejecting appellant's argument that **Alleyne v. United States**, ___ U.S. ___, 133 S. Ct. 2151 (2013), should be applied retroactively in his case. The PCRA court also granted Attorney Brendza leave to withdraw as PCRA counsel.

**Washington**, No. 1157 EDA 2016, at 2-4 (citation to the record omitted). On September 23, 2016, this Court affirmed the dismissal of the first PCRA petition. **Id.** at 1, 8.

Appellant then filed the current PCRA petition. The handwritten date on the second PCRA petition is September 28, 2016; the date on its

- 3 -

accompanying certificate of service is the same.[1]  On September 30, 2016, this second PCRA petition was received by the Chester County Clerk of Court.  Pursuant to the "prisoner mailbox rule," we will consider Appellant's current PCRA petition filed as of September 28, 2016.  ***Commonwealth v. Whitehawk***, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) ("under the 'prisoner mailbox rule' a document is deemed filed when placed in the hands of prison authorities for mailing").

On October 21, 2016, the trial court entered a notice of its intent to dismiss Appellant's second PCRA petition pursuant to Pa.R.Crim.P. 907.  According to its accompanying certificate of service, on November 6, 2016, Appellant mailed a response to that notice to the chambers of the Honorable William P. Mahon and to the Chester County District Attorney's Office, but not to the Chester County Clerk of Courts.  The response was postmarked on November 8, 2016.  Order, 11/15/16, at 1 n.1.  Judge Mahon's chambers received the response on November 14, 2016.  The record is unclear as to how it was transferred to the Chester County Clerk of Courts, but, from the notation on the docket, "Received in chambers 11-14-16 and filed with Clerks on 11-15-2016," we presume that Judge Mahon's chambers

---

[1] Neither the Commonwealth nor the PCRA court have contended that the PCRA court could not consider Appellant's September 28, 2016 PCRA petition until after the time expired for Appellant to seek Supreme Court review of this Court's September 23, 2016 affirmance of the dismissal of Appellant's first PCRA petition, and, in light of our disposition, we do not address that question here.  ***See generally Commonwealth v. Lark***, 698 A.2d 43 (Pa. 1997).

- 4 -

forwarded the response to the Chester County Clerk of Courts, where it was officially filed on November 15, 2016.

On that same day, November 15, 2016, the trial court entered an order dismissing Appellant's second PCRA petition as "both untimely and fail[ing] to establish one of the enumerated exceptions to the one year requirement under the PCRA." Order, 11/15/16, at 1 n.1.

On December 9, 2016, Appellant filed a notice of appeal to this Court. He simultaneously filed a statement of matters complained of on appeal but did not serve the PCRA court, in contravention of Pa.R.A.P. 1925(b)(1) ("Appellant shall file of record the Statement and concurrently shall serve the judge"). On December 19, 2016, the PCRA court ordered Appellant "to file of record and serve upon" the PCRA court "a concise statement . . . of errors complained of on appeal" within twenty-one days of the date of the order. Appellant did not comply. Nevertheless, because Appellant did file a Rule 1925 Statement on December 9, 2016, we will not find waiver on this basis.

Appellant has raised the following issues for this court's review, which we repeat verbatim:

> A. Does not the decision of the Pennsylvania Supreme Court in **Commonwealth v. Vasquez**, 744 A.2d 128[0] (Pa. 2000), which held that non-compliance with Pa.R.Crim.[P. 720] and [42 Pa.C.S. §] 5505 creates no bar to reviewing the application by the trial court of 42 Pa. C.S. § 9714?
>
> By relying upon the Pennsylvania Supreme Court's interpretation of the relevant law that non-compliance with [the Pennsylvania

Rules of Criminal Procedure] creates no bar to reviewing the application by the trial court, does not the Pennsylvania Supreme Court in **Commonwealth v. Vasquez**, 744 A.2d [at] 1284[, and] in **Commonwealth v. Barndt**, 74 A.3d [185,] 196-97 ([Pa. Super.] 2013), constitute illegal sentencing claims exception to the time bar should accommodate claims of a post-conviction petitioner's proof, which is a central concern underlying both the PCRA and traditional writ of habeas corpus review?

By applying coexisting case law that trial courts never relinquish their jurisdiction in its holding in **Commonwealth v. Vasquez**, 744 A.2d at 1284 [] (citing **Commonwea[l]th v. Smith**, [598 A.2d 268] (Pa. 1991) (same)[)], does not the Pennsylvania Supreme Court establish an exception to the time constraints under the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S. [§] 9542, action established in 42 Pa. C.S. pt. VIII, ch. 95, subch. B shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when subch. B takes effect?

B.      Does not the recent decision of the United States Supreme Court in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and its progeny, **Commonwealth v. Newman**, 99 A.3d 86 (2014), including **Commonwealth v. Wately** A.3d 108, 117 (Pa. Super. 2013), **Commonwealth v. Valentine**, 2014 Pa. Super 220, 2014 WL-4942256, 2014 Pa. Super. Lexis 3420 (2014); **Commonwealth v. [Hopkins,]** 117 A.3d 247 (Pa. 2015), and **Commonwealth v. Wolfe**, [140 A.3d 651] (Pa. 2016), constitute illegal sentencing claims that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt?

By relying upon the recent developments in the area of the Sixth Amendment, and the Due Process Clause in **Alleyne v. United States**, 133. U.S. 2151 (2013), and its progeny, **Commonwealth v. Newman**, 99 A.3d 86 (2014), including **Commonwealth v. Wolfe**, [140 A.3d 651] (Pa. 2016), does not the Pennsylvania Supreme Court's state law conclusion pursuant to 1 Pa. C.S. § 1925 Constitutional Construction of Statutes, extrapolates from the holding in **Alleyne** rendering those Pennsylvania mandatory sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based

on a preponderance of the evidence standard, constitute that non-compliance with Pa.R.Crim. Proc's creates no bar to reviewing the application by the trial court?

C. Does not the PCRA Court's Answer fail to address Petitioner's illegal sentencing claims that non-compliance with Pa.R.Crim. Proc's create no bar to reviewing the application by the trial court in any meaningful way, for it also fails to even mention the applicability of 42 Pa. C.S. § 9542 action established in 42 Pa. C.S. pt. VIII, ch. 95, subch. B shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when subch. B takes effect, before denying the PCRA motion as without merit and untimely filed?

Appellant's Brief at 1-3 (some formatting altered).

Our standard of review of an order dismissing a petition under the PCRA requires that we determinate whether the order is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005).

Preliminarily, we note that Appellant is no longer serving sentences at Docket Numbers 3003-2005 and 5357-2005. To be eligible for relief pursuant to the PCRA, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. 42 Pa.C.S. § 9543(a)(1)(i); *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997). Because Appellant is not currently serving a sentence at either of these two docket numbers, he is not entitled to relief pursuant to the PCRA for any convictions under these two dockets. We therefore only examine his PCRA petition claims with respect to Docket Numbers 3150-2005 and 5974-2005, under which he is still serving a sentence.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the following three exceptions to the time limitations set forth in Section 9545(b)(1) of the statute:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 651-52 (citing 42 Pa.C.S. § 9545(b)(2)). Asserted exceptions to the time restrictions in the PCRA must be included in the petition "and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008).

A probation revocation proceeding may give rise to a limited PCRA remedy, but only in limited situations will a probation revocation "reset the clock" on a PCRA petition. *Commonwealth v. Garcia*, 23 A.3d 1059, 1062 n.3 (Pa. Super. 2011), *appeal denied*, 38 A.3d 823 (Pa. 2012). While an offender may file a PCRA petition within one year following the conclusion of the direct review of any new sentence imposed following a revocation of probation, the only issues that may be raised in such a PCRA petition relate to the validity of the revocation proceeding and the legality of any new sentence that was imposed. *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008); *Commonwealth v. Ballard*, 814 A.2d 1242, 1244 (Pa. Super. 2003).

Here, we cannot tell from his brief whether Appellant is challenging the legality of his initial sentence or of the sentence imposed pursuant to his probation revocation.[2] If Appellant is challenging the legality of his original sentence, entered on May 31, 2006, then his judgment of sentence became final on June 30, 2006, when the 30-day period for filing a direct appeal expired. Pa.R.A.P. 903(a). Thus, Appellant would have had to file any PCRA

---

[2] Because Appellant's brief does not make any mention of his probation revocation but does reference his mandatory minimum sentence, we believe that he is likely challenging his original sentence imposed on May 31, 2006. *See* Appellant's Brief at 2, 4-6, 8, 10.

petition one year thereafter, *i.e.*, by July 2, 2007.[3]   If Appellant is challenging the legality of his revocation-of-probation sentence, his probation revocation "reset the clock" for his PCRA petition.  **See Garcia**, 23 A.3d at 1062 n.3; **Fowler**, 930 A.2d at 592; **Ballard**, 814 A.2d at 1244.  He did not file a direct appeal of his probation revocation, and his sentence therefore became final on September 21, 2015.[4]  Pa.R.A.P.  903(a). Therefore, Appellant would have had to file any PCRA petition one year thereafter, *i.e.*, by September 21, 2016.  Appellant's second PCRA petition, filed on September 28, 2016, was therefore patently untimely for either sentence unless Appellant pleaded and proved one of the three time-bar exceptions.

Appellant did not plead any of the time-bar exceptions for his first and third issues.[5]  For his second challenge, relating to **Alleyne** and its progeny, Appellant relies on the third exception – that "the right asserted is a

_____

[3] One year after June 30, 2006, was Saturday, June 30, 2007; the next business day thereafter was Monday, July 2, 2007. 1 Pa.C.S. § 1908.

[4] Thirty days after Appellant's sentence for violation of his probation was Saturday, September 19, 2015; the next business day thereafter was Monday, September 21, 2015.  1 Pa.C.S. § 1908.

[5] "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."  **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa. Super. 2013) (citing **Fowler**, 930 A.2d at 592).  "[E]ven claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions."  **Commonwealth v. Grafton**, 928 A.2d 1112, 1114 (Pa. Super. 2007).

constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). **See** Appellant's Brief at 2-4, 9, 12. In response, the Commonwealth, along with the PCRA court, notes that Appellant did not file his second PCRA petition within sixty days of the date that **Alleyne** was decided. Commonwealth's Brief at 7, 12; Notice of Intent to Dismiss PCRA Pet. Pursuant to Pa.R.Crim.P. 907(1), 10/21/26, at 4-5 n.1.[6]

We agree with the PCRA court that Appellant's petition is untimely. **Alleyne** was decided on June 17, 2013, and Appellant did not file his current PCRA petition until September 28, 2016 – more than "60 days [after] the

---

[6] The Commonwealth further argues that Appellant is not eligible for relief because he is no longer serving the original sentences of imprisonment; rather, he is currently serving the violation-of-probation sentences that were imposed after he violated the probation on his original sentences. **See** Commonwealth's Brief at 12-13. However, a violation of probation is not considered a separate offense, but an element of the original sentence. **See** **Commonwealth v. Pierce**, 441 A.2d 1218, 1220 (Pa. 1982) ("The imposition of total confinement upon revocation of appellant's probation was not a second punishment for his robbery conviction, but was an integral element of the original conditional sentence"); **Commonwealth v. Colding**, 393 A.2d 404, 405-06 (Pa. 1978) (the revocation of probation and the imposition of a term of total confinement did not violate the double jeopardy clause, since the defendant was given one conditional sentence which merely deferred sentencing the defendant to a fixed term of total confinement until such time as he violated the conditions of probation); **see also** 42 Pa.C.S. § 9771(b) ("Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation").

- 11 -

date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[7]

Based on the foregoing, the PCRA court correctly concluded that it lacked

jurisdiction to consider Appellant's second PCRA petition because it is time-

barred. We therefore affirm the PCRA court's order denying Appellant post-

conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2017

---

[7] Assuming this allegation of error were timely, it still would not entitle Appellant to relief because it was previously litigated and rejected by this Court. 42 Pa.C.S. § 9544(a)(3) (an issue has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence"); *see Washington*, No. 1157 EDA 2016, at 4-5 (raising following issue in Appellant's first PCRA Petition: "Does Not A Challenge To A Sentence Pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), implicate[] the legality of the sentence and is therefore non-waivable?").